INSTRUCTIONS: FILL IN THE NAMES IN THE BOX NUMBER BELOW, THE INDEX NUMBER AND THE DATE THE INDEX NUMBER WAS PURCHASED. COMPLETE ALL BLANKS IN ACCORDANCE WITH THE DIRECTIONS SET FORTH IN BOLD PRINT.

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF KINGS

---------------------------------------------------------------X

JOANNE C. THORNE-LONG
[YOUR NAME(S)]

　　　　　　　　　　Plaintiff(s),

- against - THE CITY OF NEW YORK,

HON. SYLVIA O. HINDS-RADIX
[NAME OF PERSON(S) BEING SUED]
NEW YORK CITY DEPARTMENT OF EDUCATION
ERIC ADAMS ; ASHWIN VASAN
　　　　　　　　　　Defendant(s)
---------------------------------------------------------------X

Index No. 329 / 23

_____, 20____
[PURCHASE DATE OF INDEX #]

**SUMMONS**

KINGS COUNTY CLERK RECEIVED 2023 MAY 15 PM 4:16

To the Person(s) Named as Defendant(s) Above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint of the plaintiff(s) herein and to serve a copy of your answer on the plaintiff(s) at the address indicated below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: MAY 15, 2023
[DATE OF SUMMONS]

JOANNE C. THORNE-LONG
[YOUR NAME(S)]

2362 PACIFIC STREET, #2
BROOKLYN NY 11233
404-246-5772
[YOUR ADDRESS(ES) & PHONE #(s)]

Defendant's Address: NYC LAW DEPARTMENT, 100 CHURCH STREET, NEW YORK, NY 10007
[ADDRESS OF PERSON(S) SUED] 52 CHAMBERS STREET NEW YORK, NY 10007
CITY HALL, NEW YORK, NY 10007
125 WORTH STREET, NEW YORK, NY 10013

Venue: Plaintiff(s) designate(s) Kings County as the place of trial. The basis of this designation is [CHECK ONE]:

☑ Plaintiff(s)' Residence in Kings County.

☐ Defendant(s)' Residence in Kings County.

☐ Other -- Describe: _____

NOTE: THIS FORM OF SUMMONS MUST BE SERVED WITH A COMPLAINT

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ~~MANHATTAN~~ KINGS
-------------------------------------------------------------X

JOANNE C. THORNE-LONG

                Plaintiff,                Index No.

          -against -                Claim No: 2022LE014425

                                       **COMPLAINT**

                                       **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,
Honorable Sylvia O. Hinds-Radix
Corporation Counsel
New York City Law Department
100 Church Street
New York, New York 10007

New York City Department of Education
52 Chambers Street New York, New York 10007

ERIC ADAMS, in his official capacity as
Mayor of the City of New York, ASHWIN VASAN, in his
official capacity as Health Commissioner of the City of New
York

                **Defendants**
-------------------------------------------------------------X

## INTRODUCTION AND SUMMARY OF CASE

1.    Defendant New York City Board of Education failed to provide to Plaintiff, reasonable accommodations for medical or religious reasons pursuant to First Amendment rights and pursuant to the Order of the Commissioner Of health and Mental hygiene to require covid-19 vaccination in the workplace.

1

2. Defendant New York City Board of Education entered into an arbitration agreement with the United Federation of Teachers that was discriminatory and unconstitutional as it considered religious exemptions only for "recognized and established religious organizations (e.g., Christian Scientists)."

3. Defendant New York City Board of Education engaged in activities of coercion as it threatened to and placed Plaintiff on leave without pay because of non-compliance with its notice of vaccine mandate. Termination was executed in the face of the purported "vaccine" failure to meet established scientific protocols and standards for safety, efficacy and sterilizing immunity.

4. Defendant New York City Board of Education executed termination of employment of Plaintiff without affording administrative due process in substantial breach of contractual agreement between the Defendant New York City Board of Education and The United Federation of Teachers, which Plaintiff is party to.

5. Defendant New York City Board of Education rendered a "Problem Code" on Plaintiff's employment files, thereby defaming Plaintiff's character and substantially diminishing Plaintiff's prospect for future employment.

6. In reference to the preceding Plaintiff therefore files this lawsuit: to establish Defendants violation of Plaintiff's rights under the Constitution, both Federal and State, city and State Human Rights Laws, NYS Administrative Code, as well as employment rights under the Collective Bargaining Agreements between the UFT and the DOE.

7. On March 24, 2022, Mayor Eric Adams issued Emergency Executive Order No. 62 which created an arbitrary vaccine mandate exemption for performing artists and professional athletes and any "individual accompanying" while continuing to enforce vaccine mandates for City employees, as I am, and other private sector employees.

8. All my rights under the Constitution, both Federal and State, city and State Human

Rights Laws, NYS Administrative Code, as well as employment rights under the Collective Bargaining Agreements between the UFT and the DOE have been violated.

9. Plaintiff seeks appropriate remedies for the harm caused by Defendant's infringement and abrogation Plaintiff's rights set forth in the preceding paragraphs.

## THE PARTIES

10. **Plaintiff Joanne Thorne-Long** was employed by the New York City Department of Education as a Special Education Teacher until terminated effective February 11, 2022

11. **Defendant City of New York (the "City")** is a municipal corporation constituting the local municipal government of the population residing in New York, Bronx, Queens, Kings and Richmond Counties in New York State. The City operates and employs people through agencies, including the Department of Education.

12. **Defendant DOE** is located at 52 Chambers Street, New York, New York, and is a school board organized under, and existing pursuant to, the Education Law of the State of New York. For all purposes, DOE serves as the government or public employer of all persons appointed or assigned by it.

13. **Defendant Eric Adams ("Mayor Adams")** is the Mayor of the City. Sued in his official capacity, Mayor Adams is responsible for setting and overseeing the policies of the City and the manner in which they are maintained, applied and enforced. Mayor Adams acted at all times under color of law in the acts attributed to him herein.

14. **Defendant Ashwin Vasan ("Commissioner Vasan")** is the Commissioner of Health and Mental Hygiene of the City of New York ("DOHMH"). Sued in his official capacity, Commissioner Vasan

3

promulgated the Mandates. Commissioner Vasan acted at all times under color of law in the acts attributed to him herein.

## JURISDISCTION AND VENUE

15. This Court has jurisdiction over *New York City Department of Education under CPLR § 301* because *The New York City Department of Education* has offices in, has its principal place of business in and/or is domiciled in New York City, New York County, State of New York, and the cause of action alleged arises out of *The New York City Department of Education's* activities in New York City, New York County, State of New York.

16. Venue is proper in this county under CPLR § 503 because *The New York City Department of Education's* has its principal place of business here and/or is domiciled here. This Court has subject matter jurisdiction to hear this matter pursuant to Articles 78 and 30 of the CPLR. Venue lies in New York County pursuant to CPLR §§ 7804(b), 506(b), and 504(3) because, inter alia, it is where Defendants' principal offices are located.

## STATMENT OF FACTS

17. On August 23, 2021, a notice of a Vaccine Mandate was sent out by New York City Department of Education (NYC DOE) Chancellor Meisha Porter.

18. On September 10, 2021, an arbitration agreement was signed concerning among other issues rules that would be applied to anyone seeking a religious accommodation for the vaccine mandate. In the arbitration agreement between the NYC DOE and the United Federation of Teachers (UFT), there is a clause pertaining to religious exemption that is in direct opposition to the laws of our nation. The clause reads: 'Religious

4

exemptions for an employee to not adhere to the mandatory vaccination policy must be documented in writing by a religious official (e.g., clergy). Requests shall be denied where the leader of the religious organization has spoken publicly in favor of the vaccine, where the documentation is readily available (e.g., from an online source), or where the objection is personal, political, or philosophical in nature. Exemption requests shall be considered for recognized and established religious organizations (e.g., Christian Scientists).'

19. September 14, 2021, I applied for a religious exemption.

20. On September 17, 2021, I received a denial without an explanation.

21. On September 24, 2021, I received another denial to my appeal without an explanation.

22. On October 1, 2021, I received notice that I could no longer enter the school building starting on October 4, 2021.

23. On November 15, 2021, the United States Court of Appeal for the Second Circuit ordered fresh consideration of people's request for religious accommodation. Such consideration shall adhere to the standards established by Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law. Such consideration shall not be governed by the challenged criteria set forth in Section IC of the arbitration award for United Federation of Teachers members. Accommodations will be considered for all sincerely held religious observances, practices, and beliefs.

24. On November 19, 2021, the Division of Human Capital sent me an email response as follows: "According to our records, you appealed a denial of a religious exemption to the COVID-19 vaccine mandate and that appeal was not granted by the third-party arbitrator. As you may be aware, other City employees now

have an option to appeal a religious exemption denial by their agency to a central Citywide Panel. Based on your status, you now have an opportunity to also appeal to this Citywide Panel."

25.   On November 28, United States Court of Appeal for the Second Circuit merit panel concluded "It is, of course, true that the citywide panel must abide by the First Amendment. By ordering the citywide panel's proceedings to abide by other applicable law, the Motions Panel Order does not (and could not) suggest that the First Amendment is somehow inapplicable to those proceedings." It also reaffirmed that a fresh consideration of people's request for religious accommodation. In addition to the First Amendment such consideration shall adhere to the standards established by Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law.

26.   On December 3, 2021, I re-appealed my religious exemption denial. I have not received any communication as of date of this claim from: "Your request will be considered by a central Citywide Panel comprised of representatives of the Commission on Human Rights, the Department of Citywide Administrative Services, and the Office of the Corporation Counsel. The determination will be made by the panel according to the standards imposed by Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law."

27.   On January 31, 2022, I received a termination email from the NYCDOE Division of Human Resources stating that I would be terminated on February 11, 2022- citing that I did not comply with the New York City Health Commissioner's Order requiring vaccination of all New York City Department of Education staff. Compliance with that Order is a condition of employment.

28. On February 11, 2022, I was terminated from my teaching position by the City of New York City Department of Education.

26. In a letter dated February 15, I received further notice from the NYCDOE Division of Human Capital stating that my employment with the NYCDOE has been terminated effective February 11, 2022. The letter reiterated the reasons for termination the same as in the email dated January 31, 2022.

29. On or about April 28, 2022, I became aware of an email sent, on or about February 9, 2022, from the New York City Department of Education to Beth Norton at the UFT saying that any request for an exemption from taking the vaccination immediately placed the member's fingerprints into the 'Problem Code' at the Human Resources' Office of Personnel Investigations. This means that Defendants placed my fingerprints in a database at the Office of Personnel Investigations. The 'Problem Code' is used for employees who have committed what the New York City Department of Education considers misconduct. Therefore the New York City Department of Education has considered Claimant's not getting vaccinated as 'misconduct' which means Claimant can't get a job in New York City.

30. On March 24, 2022, Mayor Eric Adams issued Emergency Executive Order No. 62 which created an arbitrary vaccine mandate exemption for performing artists and professional athletes and any "individual accompanying" while continuing to enforce vaccine mandates for City employees and other private sector employees.

31. All my rights under the Constitution, both Federal and State, city and State Human Rights Laws, NYS Administrative Code, as well as employment rights under the Collective Bargaining Agreements between the

UFT and the DOE have been violated. In addition, many employment applications ask if you have ever been discharged from a job.

## FIRST CLAIM FOR RELIEF (Violation of First Amendment Right)

32.     The Mandates are facially unconstitutional because they violate my right to religious freedom under the First Amendment.

## SECOND CLAIM FOR RELIEF (Violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the New York State Constitution)

33.     The Mandates violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution (and the corresponding provision of the New York State and New York City analogous statutes) because they discriminate against unvaccinated people who need to exercise their fundamental rights to refuse experimental vaccines that conflict with their sincerely held religious beliefs.
There is no rational basis for this discrimination. I pose no more danger to others than a person who is vaccinated. Both groups are equally able to spread COVID-19.

## THIRD CLAIM FOR RELIEF (Violation of the Supremacy Clause of the United States Constitution and Violations of Federal Statutory Provisions Governing EUA products and Consent to Participation in Clinical Investigations)

34. Federal laws and regulations governing the approval and administration of medical products preempt all contrary or inconsistent laws of the states and/or local governments.
35. The Mandates are patently contrary to United States law, and thus preempted and invalid.

36. Title 21 of the United States Code, Section 360bbb-3(e)(1)(A)(ii), and regulations and internal protocols of the United States Food and Drug Administration promulgated thereunder, provide in relevant part that all individuals to whom an investigational product is to be administered under an Emergency Use Authorization be informed "of the option to accept or refuse administration of the product."

**FOURTH CLAIM FOR RELIEF (Request for Relief under CPLR Article 78 – Arbitrary and Capricious and Abuse of Discretion)**

37. Defendants' continued maintenance and enforcement of the Vaccine Mandate, Guidance and/or Termination Requirement lacks a rational basis, and is not reasonably tailored to any legitimate public health objective, and is therefore arbitrary and capricious and an abuse of discretion.

38. Defendants determination to continue to maintain and enforce the Vaccine Mandate, Guidance and Termination Requirement for teachers through the present is arbitrary and capricious and an abuse of discretion, and the Vaccine Mandate, Guidance and Termination Requirement must be set aside under CPLR §7803(3).

**FIFTH CLAIM FOR RELIEF (Violation of Title VII of Civil Rights Act of 1964)**

39. Title VII prohibits employment discrimination based on race, color, religion, sex and national origin. Defendants' standard for granting religious exemptions clearly states, "Exemption requests shall be considered for recognized and established religious organizations." This standard is facially discriminatory and runs afoul of the Civil Rights Act of 1964. On March 24, 2022, Mayor Eric Adams issued Emergency Executive Order No. 62 which created an arbitrary vaccine mandate exemption for performing artists and professional athletes and any "individual accompanying" while continuing to enforce vaccine mandates for City employees and other private sector employees. Executive Order No.

62 similarly is discriminatory and runs afoul of the Civil Rights Act of 1964. Moreover, the order embodies arbitrary and capricious actions.

**SIXTH CLAIM FOR RELIEF (Breach of Contract)**

40. The DOE's summary termination of my employment based on my refusal to submit to an experimental genetic treatment denies me, as a UFT-represented employee, my rights guaranteed by statute and contract. The Health Commissioner and Mayor have no statutory or other authority to contravene or impose "new conditions of employment that were not previously agreed upon in the contractual agreement between the UFT and DOE. My summary termination constitutes a substantial breach of contract on the part of the DOE; as for example Article 16 in the UFT-DOE contract.

**SEVENTH CLAIM FOR RELIEF (Libel and Defamation)**

41. On or about October 27, 2021 the New York City Department of Education, without privilege, published the "Problem Code" in my files. The Problem Code placed my fingerprints on a data base on the Office of Personnel Investigations. The "Problem Code" is affixed to the files of workers that have committed what the New York City Department of Education adjudicated as misconduct. There has not been any procedural due process accorded me that has concluded a finding of misconduct on my part. The DOE has thus knowingly published this false information causing damage to my reputation and economic opportunities.

**EIGHTH CLAIM FOR RELIEF (Violation of NY Public Health Law)**

42. Public Health Law §2165 covers college students and requires immunization for "measles, mumps and rubella" (Public Health Law §2165). COVID-19 or coronaviruses generally are not covered by any of the aforementioned sections. Defendants are prohibited from mandating any vaccination outside of those specifically authorized by the Legislature. The Mandate, 10 NYCRR §2.61, is beyond the scope of Defendants' authority and is therefore null, void, and of no effect, and Defendants, their agents, officers, and employees are prohibited from implementing or enforcing the Mandate. The demand to be vaccinated regards me as having a disability as it presumes that I have a contagious disease or the potential to have a contagious disease. There must be a diagnosis of such a condition after an individual assessment has been made. There has been no assessment and no such diagnosis; therefore, there is no authority to impose an accommodation such as a vaccine requirement. (New York State Public Health Law §§ 2120(1)).

**NINTH CLAIM FOR RELIEF (Violation of American with Disabilities Act)**

43. Under Title II of the ADA, 28 CFR § 35.130 e1 - General prohibitions against discrimination. As an individual having been misclassified as having a disability, I have a right to refuse accommodations such as vaccines, wearing masks, blood tests or quarantine unless there is a court order based on me being a direct threat. Moreover, I have a right to be informed of my right to refuse such accommodations.

11

44. By their actions, as described herein, Defendants, acting under color of statute, ordinance, regulation, custom, or usage, subjected me, Joanne thorne-Long, to the deprivation of the rights, privileges, or immunities secured by the United States Constitution and New York Constitution.

45. The items of damage or injuries claimed are: damages to reputation, emotional distress, impairment of Claimant's ability to secure future employment, impairment of earning power, tortious interference with business relations, malicious prosecution, abuse of process, fraud, and retaliation, defamation, libel and slander. The items of damage or injuries claimed amount to two million dollars.
The claim and demand is hereby presented for adjustment and payment.

**WHEREFORE**, plaintiff, Joanne Thorne-Long demands judgment against defendant in the sum of $2,000,000, plus interest from October 4, 2021, costs and disbursements, together with any other the applicable statutes, and relief the Court finds to be just and proper.

**DEMAND FOR JURY BY TRIAL**

Plaintiff hereby demands trial by jury in this action of all issues so triable.

Respectfully submitted
Dated: 5-15-23

*(signature)*

Joanne C. Thorne-Long

Pro Se Plaintiff

2362 Pacific Street # 2

Brooklyn, New York 11233

## VERIFICATION

Joanne C. Thorne-Long, being duly sworn, deposes and says:

I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

*Joanne Thorne-Long*

Pro Se Plaintiff

Sworn or Affirmed before me on 15th

the day of May 2023

PATRICIA REGINA ARTHUR
NOTARY PUBLIC, State of New York
No. 01AR6128175
Qualified in Kings County
Commission Expires June 6, 2025

Notary Public

13