


RECEIVED
OCT 05 2023
PRO SE OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

JOANNE C. THORNE-LONG

               Plaintiff,

   -against -


THE CITY OF NEW YORK, and the
NEW YORK CITY DEPARTMENT
OF EDUCATION,

               Defendants
-------------------------------------------------------------X

**AMENDED COMPLAINT**
Jury Trial Demanded

23 CV 4305 (DG) (LB)


## INTRODUCTION AND SUMMARY OF CASE

1. Plaintiff Joanne Thorne-Long ("Plaintiff"), appearing *pro se*,[1] brings this action

pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.; 42 U.S.C. §

1983, for the deprivation of her rights under the First Amendment and the Equal Protection

Clause of the Fourteenth Amendment of the United States Constitution; the New York City

Human Rights Law, NYC Administrative Code Title 8; and the New York State Human Rights

Law, NY Executive Law § 296, *et seq*.

2. In September 2021, Defendant New York City Department of Education ("DOE")

denied Plaintiff's request for a religious exemption to the DOE's vaccine mandate.

3. On October 4, 2021, Defendant DOE placed Plaintiff on leave without pay because of

non-compliance with its vaccine mandate. Subsequently, Defendant DOE terminated Plaintiff's

employment.

---

[1] This Amended Complaint was prepared with help from the City Bar Justice Center's Federal Pro Se Legal
Assistance Project.

1

4. In 2021, Defendant City of New York ("City") established a Citywide Panel to review denials of religious exemptions to the vaccine mandate to City employees. On December 3, 2021, Plaintiff requested such a review. Plaintiff has never received a determination from the Citywide Panel.

5. Defendant DOE rendered a "Problem Code" in Plaintiff's employment file, based on her unvaccinated status. This action has significantly impacted Plaintiff's ability to obtain future employment.

## THE PARTIES

6. Plaintiff was employed by Defendant DOE as a Special Education Teacher from September 2004 to 2010 and again from 2018 until she was terminated, effective February 11, 2022.

7. Defendant DOE maintains its headquarters at 52 Chambers Street, New York, New York, and operates in all five boroughs of the City of New York. The DOE is a school board organized under, and existing pursuant to, the New York Education Law. Defendant DOE was Plaintiff's employer until her termination.

8. Defendant City is a municipal corporation constituting the local municipal government of the population residing in New York, Bronx, Queens, Kings and Richmond Counties in New York State. The City operates and employs people through its municipal agencies, including the DOE.

9. Defendant City established and controlled the Citywide Panel, which was created for the purpose of reviewing denials of religious exemptions to municipal employees. Plaintiff was

harmed by the Citywide Panel's failure to respond to her request for "fresh consideration" of the DOE's denial of her request for a religious exemption to the vaccine mandate.

## JURISDISCTION AND VENUE

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

11. On June 12, 2023, this action was removed from the Supreme Court of the State of New York to the Eastern District of New York by Defendants, pursuant to 28 U.S.C. § 1441(a).

## STATMENT OF FACTS

12. On August 23, 2021, a notice of a Vaccine Mandate was issued by Defendant DOE's Chancellor Meisha Porter.

13. On September 10, 2021, an arbitration award was issued by Arbitrator Martin Scheinman, in the Matter of the Arbitration between the DOE and the UFT, after the parties failed to reach agreement on the impact of the vaccine mandate on DOE employees. The arbitration award established a process for DOE employees to submit applications for medical and religious exemptions to the vaccine mandate.

14. On September 14, 2021, Plaintiff applied to the DOE for a religious exemption to its vaccine mandate. Plaintiff expressed that she had a good faith religious objection to the COVID-19 vaccine.

15. On September 17, 2021, Plaintiff received a denial of her application for a religious exemption, without any explanation.

16. On September 24, 2021, Plaintiff received a denial of her appeal from the decision

denying her application for a religious exemption, again without any explanation.

17. On October 1, 2021, Plaintiff received notice that she could no longer enter her school building starting on October 4, 2021.

18. Teachers and administrators challenged the arbitration award in federal court. On November 15, 2021, a motions panel of the United States Court of Appeals for the Second Circuit referred the matter to a merits panel, and ordered that pending further order of the Court, Plaintiffs shall receive "fresh consideration" of their requests for a religious accommodation. *See Kane v. DeBlasio,* 19 F.4th 152, 162 (2d Cir. 2021).

19. The motions panel ruled that reviews by the Citywide panel should be in accordance with the standards established by Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law. Accommodations were to be considered for all sincerely held religious observances, practices, and beliefs.

20. On November 19, 2021, Plaintiff received an email form the DOE that stated, "According to our records, you appealed a denial of a religious exemption to the COVID-19 vaccine mandate and that appeal was not granted by the third-party arbitrator. As you may be aware, other City employees now have an option to appeal a religious exemption denial by their agency to a central Citywide Panel. Based on your status, you now have an opportunity to also appeal to this Citywide Panel."

21. On November 28, 2021, the merits panel of the United States Court of Appeals for the Second Circuit considered the challenge to DOE's vaccine mandate by teachers and school administrators. *Kane v. DeBlasio, supra.* The Court determined, among other things, that the Citywide Panel "must abide by the First Amendment. By ordering the Citywide Panel's proceedings to abide by other applicable law, the Motions Panel Order does not (and could not)

4

suggest that the First Amendment is somehow inapplicable to those proceedings." *Kane,* 19 F.4th at 175. The Court also held that plaintiffs had shown "a likelihood of success on their claim that as applied to them, the City's process for implementing the Vaccine Mandate via the Arbitration Award offended the First Amendment." *Id.*

22. On December 3, 2021, Plaintiff submitted her request for review of the DOE's denial of her application for a religious exemption to the Citywide panel. The request for review was submitted online, in DOE's Self Service Online Leave Application System (SOLAS).

23. Plaintiff received an acknowledgment of her request for review from SOLAS. The acknowledgment stated, "Your request will be considered by a central Citywide Panel comprised of representatives of the Commission on Human Rights, the Department of Citywide Administrative Services, and the Office of the Corporation Counsel. The determination will be made by the panel according to the standards imposed by Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law."

24. To date, Plaintiff has not received any decision from the Citywide Panel regarding her request for review.

25. On January 31, 2022, Plaintiff received a termination email from the DOE Division of Human Capital stating that she would be terminated on February 11, 2022, due to "Plaintiff's noncompliance with the New York City Health Commissioner's Order requiring vaccination" of all DOE staff.

26. Plaintiff was terminated from her teaching position effective February 11, 2022.

27. In a letter dated February 15, 2022, Plaintiff received further notice from the DOE stating that her employment with the DOE was terminated effective February 11, 2022. The letter reiterated the reasons for termination that were in the email dated January 31, 2022.

28. On or about April 28, 2022, Plaintiff became aware of an email sent on or about February 9, 2022, from the DOE to Beth Norton of the UFT stating that any member who requested an exemption from the vaccination mandate would immediately have their fingerprints placed into the "Problem Code" at DOE's Human Resources Office of Personnel Investigations. A Problem Code is used when an employee has committed what the DOE considers misconduct. Therefore, the DOE considered Plaintiff's unvaccinated status as "misconduct." The Problem Code has made it extremely difficult for Plaintiff to obtain another job in New York City.

29. On May 9, 2022, Plaintiff timely mailed a Notice of Claim, by certified mail, return receipt to: The Office of the City Comptroller, 1 Centre Street, New York NY; The Office of the Corporation Counsel, 100 Church Street, New York NY; and the New York City Department of Education, 52 Chambers Street, New York. A copy of the notice mailed to the Comptroller's Office is attached hereto as Exhibit "A." The Comptroller's Bureau of Information System Central Imaging Facility time-stamped Plaintiff's Notice of Claim as "Received 2022 May 11, P 4:40." A copy of the notice mailed to the Office of the Corporation Counsel is attached hereto as Exhibit "B." The DOE never acknowledged receipt of the notice of claim that Plaintiff sent to its headquarters by certified mail, return receipt.

30. Plaintiff received written acknowledgement of her Notice of Claim (Claim Number 2022LE014425) from the Comptroller's Office, first by email on May 19, 2022, followed by regular mail dated May 20, 2022. A copy of the May 20, 2022 Acknowledgment is attached hereto as Exhibit "C."

31. In or about March or April 2022, Plaintiff filed a Complaint with the United States EEOC. Plaintiff was interviewed by an EEOC investigator on May 6, 2022.

32. After the COVID-19 vaccine mandate was rescinded by Mayor Adams, effective February 10, 2023, Plaintiff received no communication from the DOE about reinstatement to her former position. The DOE did not provide any protocols for possible reinstatement for those teachers and administrators who were terminated because of their unvaccinated status, after the vaccination mandate was lifted.

33. Following the lifting of the mandate, Plaintiff reached out to several DOE personnel with regard to reinstatement to her former teaching position, and received only one response, which was from Peter Ianniello, the Executive Director of DOE's Division of Human Resources. Mr. Ianniello responded to Plaintiff by email on May 9, 2023, and stated:

> If your school has an opening and would like to rehire you, they can do so and they will manage the hiring process. I would suggest that you contact them. If they do not have a position, you are free to seek employment in another school that has an open position in your license area. You are not entitled to an automatic reinstatement to your former position.

34. The principal of the school where Plaintiff had worked, The High School for Language and Diplomacy, is no longer at that school. The current principal of the school did not reply to Plaintiff's email request for reinstatement.

35. In 2021, before the DOE's vaccine mandate became effective, the EEOC provided guidance to employers – "What You Should Know About COVID, the ADA, the Rehabilitation Act, and Other EEO Laws" – https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws.

36. Among other things, the EEOC Guidance states, "Under Title VII, an employer should thoroughly consider all possible reasonable accommodations, including telework and reassignment.... In many circumstances, it may be possible to accommodate those seeking reasonable accommodations for their religious beliefs, practices, or observances." Section K. 12.

37. The EEOC Guidance to employers also states, "If the employer denies the employee's proposed accommodation, the employer should explain to the employee why the preferred accommodation is not being granted. An employer should consider all possible alternatives to determine whether exempting an employee from a vaccination requirement would impose an undue hardship." Section L. 5.

38. The EEOC Guidance to employers was updated in 2023, after the United States Supreme Court issued its decision in *Groff v. DeJoy*, 143 S.Ct. 2279 (2023). The *Groff* opinion addressed the meaning of "undue hardship" under Title VII and, as explained in the updated EEOC Guidance, clarified that "more than a *de minis* cost" is necessary for an employer to establish "undue hardship." The EEOC Guidance now states, "the Supreme Court held that 'undue hardship is shown when the burden is substantial in the overall context of an employer's business...'"

## AS AND FOR A FIRST CAUSE OF ACTION
### Violation of Title VII of the Civil Rights Act of 1964

39. Defendants failed to accommodate Plaintiff's religious beliefs in violation of Title VII, which provides "It shall be an unlawful employment practice for an employer ... to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... religion ..." 42 U.S.C. § 2000e-2(a)(1).

40. Title VII defines the term "religion" to include "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's ... religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j).

41. Plaintiff held a bona fide religious belief that conflicted with Defendant DOE's requirement that she be vaccinated. Plaintiff informed her employer of her belief by requesting a religious exemption to the vaccine mandate. Plaintiff's request was denied, without explanation, and she was terminated for failure to comply with the mandate.

42. Plaintiff suffered adverse employment actions when Defendant DOE placed her on unpaid leave and when it terminated Plaintiff's employment because of her sincerely held religious beliefs.

43. Defendant DOE failed to explain or establish that providing an accommodation to Plaintiff would result in "undue hardship." In fact, Defendant DOE failed to provide to Plaintiff any reasons for its adverse employment actions, other than the fact that Plaintiff was unvaccinated.

44. Accordingly, this Court should find that Defendant DOE violated Title VII by discriminating against her because of her religious beliefs with respect to the terms and conditions of her employment.

## AS AND FOR A SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983: Violation of Plaintiff's Rights
### Under the First Amendment to the U.S. Constitution

45. Defendants DOE and City violated Plaintiff's rights under the Free Exercise Clause of the First Amendment, which provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof...." U.S. Const. amend. 1.

46. The Free Exercise Clause protects an individual's private right to their religious belief and prohibits an employer from requiring that an employee perform any act that conflicts with the employee's beliefs.

47. The process established by Defendants to review employees' requests for religious exemptions from the vaccine mandate, and the Citywide Panel's process for reviewing denials of such requests for religious exemptions, were inconsistent with the First Amendment's Free Exercise Clause.

48. Defendant DOE denied Plaintiff's request for a religious exemption, as well as her appeal of that denial, without any explanation.

49. On December 3, 2021, Plaintiff filed a request for a review by the Citywide Panel. Plaintiff's request for review was acknowledged immediately. To date, the Citywide Panel has not provided Plaintiff with a determination.

50. Accordingly, this Court should find that Defendant DOE's requirement that Plaintiff be vaccinated as a condition of employment and that Defendant DOE's and Defendant City's procedures for considering applications for religious exemptions to the vaccine mandate, as applied to Plaintiff, violated her rights under the Free Exercise Clause of the First Amendment.

**AS AND FOR A THIRD CAUSE OF ACTION**
**42 U.S.C. § 1983: Violation of Plaintiff's Rights**
**Under the Equal Protection Clause of the**
**Fourteenth Amendment to the U.S. Constitution**

51. Defendants violated Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment to the Constitution, which provides that "No State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. 14, Sect. 1.

52. Defendant DOE denied the applications of hundreds of DOE employees who sought religious exemptions to the mandate. Some employees received summary explanations, while others did not.

53. Defendant DOE failed to apply and enforce its vaccine mandate evenly, discriminating against employees who requested religious exemptions.

54. Plaintiff's application for a religious exemption was denied without any explanation of why an accommodations was not possible.

55. The Citywide Panel failed to carry out its responsibilities equitably and evenly, discriminating against those employees who requested religious exemptions.

56. After Plaintiff submitted a request for review by the Citywide Panel, she received an acknowledgment of that request but, to date, she has not received a determination from the Citywide Panel.

57. When the vaccine mandate was lifted by Mayor Eric Adams in February 2023, the DOE failed to allow Plaintiff to return to her job as a Special Education Teacher.

58. Defendant DOE did not communicate with those employees who had been terminated because of their unvaccinated status after the vaccine mandate was lifted in February 2023.

59. Instead of providing a fair and even-handed process for DOE employees to be reinstated, Defendant DOE adopted a haphazard process that was not publicized, and which disadvantaged former DOE employees who had requested religious exemptions.

60. As stated to Plaintiff by the Executive Director of Human Resources for Defendant DOE, Plaintiff could only be re-hired if her former school had an opening and wanted to re-hire her. Plaintiff was also told that she was "free to seek employment in another school that has an open position in your license area. You are not entitled to an automatic reinstatement to your former position." In other words, Plaintiff would need to start over, as if she had not previously been employed by the DOE.

61. As a result of the DOE's failure to provide a process for reinstatement, Plaintiff is being denied the right to return to work, even though there is no longer a vaccine mandate. This constitutes retaliation against Plaintiff for seeking to establish her rights.

62. Accordingly, this Court should find that Defendants violated Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment, by failing to apply and enforce its vaccine mandate evenly, by failing to carry out Defendants' review processes fairly and equitably, and by refusing to provide a fair and equitable process for reinstatement of Plaintiff to her former position.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Violation of the New York State Human Rights Law

63. Defendants violated the New York State Human Rights Law ("NYSHRL"), which provides "It shall be an unlawful discriminatory practice for any employer ... to impose upon a person as a condition of ... retaining employment ... any terms or conditions that would require such person to violate or forego a sincerely held practice of his or her religion, ... unless, after engaging in a bona fide effort, the employer demonstrates that it is unable to reasonably accommodate the employee's or prospective employee's sincerely held religious observance or practice without undue hardship on the conduct of the employer's business." NY Executive Law § 296(10)(a).

64. Plaintiff held a bona fide religious belief that conflicted with Defendant DOE's requirement that she be vaccinated. Plaintiff informed her employer of her belief by requesting a religious exemption to the vaccine mandate. Plaintiff's request was denied, without explanation, and she was terminated for failure to comply with the mandate.

65. Plaintiff suffered adverse employment actions when Defendant DOE placed her on unpaid leave and when it terminated Plaintiff's employment because of her sincerely held religious beliefs.

66. Defendant DOE failed to explain or establish that providing an accommodation to Plaintiff would result in "undue hardship." In fact, Defendant DOE failed to provide to Plaintiff any reasons for its adverse employment actions, other than the fact that Plaintiff was unvaccinated.

67. Despite the elimination of Defendant DOE's vaccine mandate, reinstatement has been denied to Plaintiff, constituting retaliation against Plaintiff for seeking to establish her rights.

68. Accordingly, this Court should find that Defendant DOE violated the NYSHRL by discriminating against her because of her religious beliefs with respect to the terms and conditions of her employment.

### AS AND FOR A FIFTH CAUSE OF ACTION
#### Violation of the New York City Human Rights Law

69. Defendants violated Plaintiff's rights under the New York City Human Rights Law ("NYCHRL"), which prohibits discrimination based on the actual or perceived "creed" of any person. NYC Administrative Code § 8-107(1).

70. With respect to employment, the NYCHRL provides, "It shall be an unlawful discriminatory practice for an employer ... to impose upon a person as a condition of obtaining or retaining employment any terms or conditions, compliance with which would require such person to violate, or forego a practice of, such person's creed or religion ... and the employer shall make reasonable accommodation to the religious needs of such person." NYC Administrative Code § 8-107(3)(a).

71. A reasonable accommodation under the NYCHRL is an "accommodation to an employee's ... religious observance or practice" that does not cause an "undue hardship" to the employer. NYC Administrative Code § 8-107(3)(b).

72. Plaintiff suggested to the Citywide Panel several ways in which her religious beliefs could be accommodated, based on the guidelines promulgated by the EEOC.

73. Defendants failed to consider Plaintiff's request for a reasonable accommodation.

74. Accordingly, this Court should find that Defendants violated Plaintiff's rights under the NYCHRL.

## RELIEF REQUESTED

By reason of the foregoing, Plaintiff seeks reinstatement to her former position and monetary damages to compensate her for back pay and benefits, emotional distress, damage to reputation, impairment of her ability to secure future employment, and loss of future earnings, in the amount of two million dollars, together with such other and further relief as this Court deems just and proper.

Dated: Brooklyn NY
        October 5, 2023

_____
Joanne Thorne-Long
Plaintiff *Pro Se*

Address:
2121 Union Street Apt. 2R
Brooklyn NY 11212

Telephone: 404-246-5772

Email: joyenne1970@hotmail.com

# EXHIBIT A



U.S. POSTAGE PAID
ECM LETTER
BROOKLYN, NY
11207
MAY 09, 22
AMOUNT
$7.38
R2304H106896-26

1000

10007

Office of the City Comptroller
Bureau of Law and Adjustment
1 Centre Street, Room 1225
New York, New York 10007

CERTIFIED MAIL

7020 1290 0002 0772 3970

J Thorne-Long
2362 Pacific st #2
Brooklyn ny 11233

100
4ft

# NOTICE OF CLAIM

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Joanne Thorne-Long

Claimant,

- against -

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF EDUCATION,

Defendants

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

To:

Office of the City Comptroller
Bureau of Law and Adjustment
1 Centre Street, Room 1225
New York, New York 10007

Hon. Sylvia O. Hinds-Radix
Corporation Counsel
New York City Law Department
100 Church Street
New York, New York 10007

New York City Department of Education
52 Chambers Street
New York, N.Y. 10007

**PLEASE TAKE NOTICE** that the Claimant hereby makes claim and demand against the individuals and groups named in the caption above:

1) **The name, post office address, and phone number of Claimant:**

Joanne Thorne-Long
2362 Pacific Street, 2, Brooklyn NY 11233-6749
(404) 246-5772
joyenne1970@hotmail.com

2022 MAY 11 PM 4:40

NYC COMPTROLLER
BUR. INFORMATION SYSTEM
CENTRAL IMAGING FACILITY
RECEIVED

1

## 2) The nature of the claim:

This claim seeks recovery for monetary damages for the harm caused to Claimant reputation, livelihood and career; additionally for the distress, suffering, mental, emotional, and physical anguish and impairment of Claimant's ability to secure future employment, and impairment of earning power inflicted upon the Claimant due to the negligence, carelessness, recklessness, and misfeasance, malfeasance, and negligent acts practices, and/or omissions of the Defendants. Claimant's rights under the Constitution, both Federal and State, city and State Human Rights Laws, NYS Administrative Code, as well as employment rights under the Collective Bargaining Agreements between the UFT and the DOE. Claimant now seeks to be made whole.

## 3) The time when, the place where, and the manner in which the claim arose

On August 23, 2021, a notice of a Vaccine Mandate was sent out by New York City Department of Education (NYC DOE) Chancellor Meisha Porter.

On September 10, 2021, an arbitration agreement was signed concerning among other issues rules that would be applied to anyone seeking a religious accommodation for the vaccine mandate. In the arbitration agreement between the NYC DOE and the United Federation of Teachers (UFT), there is a clause pertaining to religious exemption that is in direct opposition to the laws of our nation. The clause reads: "Religious exemptions for an employee to not adhere to the mandatory vaccination policy must be documented in writing by a religious official (e.g., clergy). Requests shall be denied where the leader of the religious organization has spoken publicly in favor of the vaccine, where the documentation is readily available (e.g., from an online source), or where the objection is personal, political, or philosophical in nature. Exemption requests shall be considered for recognized and established religious organizations (e.g., Christian Scientists)."

September 14, 2021, I applied for a religious exemption.

On September 17, 2021, I received a denial without an explanation.

On September 24, 2021, I received another denial to my appeal without an explanation.

On October 1, 2021, I received notice that I could no longer enter the school building starting on October 4, 2021.

On November 15, 2021, the United States Court of Appeal for the Second Circuit ordered fresh consideration of people's request for religious accommodation. Such consideration shall adhere to the standards established by Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law. Such consideration shall not be governed by the challenged criteria set forth in Section IC of the arbitration award for United Federation of Teachers members. Accommodations will be considered for all sincerely held religious observances, practices, and beliefs.

2

On November 19, 2021, the Division of Human Capital sent me an email response as follows: "According to our records, you appealed a denial of a religious exemption to the COVID-19 vaccine mandate and that appeal was not granted by the third-party arbitrator. As you may be aware, other City employees now have an option to appeal a religious exemption denial by their agency to a central Citywide Panel. Based on your status, you now have an opportunity to also appeal to this Citywide Panel."

On November 28, United States Court of Appeal for the Second Circuit merit panel concluded "It is, of course, true that the citywide panel must abide by the First Amendment. By ordering the citywide panel's proceedings to abide by other applicable law, the Motions Panel Order does not (and could not) suggest that the First Amendment is somehow inapplicable to those proceedings." It also reaffirmed that a fresh consideration of people's request for religious accommodation. In addition to the First Amendment such consideration shall adhere to the standards established by Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law.

On December 9, 2021, I re-appealed my religious exemption denial. I have not received any communication as of date of this claim from: "Your request will be considered by a central Citywide Panel comprised of representatives of the Commission on Human Rights, the Department of Citywide Administrative Services, and the Office of the Corporation Counsel, The determination will be made by the panel according to the standards imposed by Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law."

On January 31, 2022, I received a termination notice from the NYCDOE Division of Human Resources stating that I would be terminated on February 11, 2022.

On February 11, 2022, I was terminated from my teaching position by the City of New York City Department of Education.

On or about April 28, 2022, I became aware of an email sent, on or about February 9, 2022, from the New York City Department of Education to Beth Norton at the UFT saying that any request for an exemption from taking the vaccination immediately placed the member's fingerprints into the 'Problem Code' at the Human Resources' Office of Personnel Investigations. This means that Defendants placed my fingerprints in a database at the Office of Personnel Investigations. The 'Problem Code' is used for employees who have committed what the New York City Department of Education considers misconduct. Therefore the New York City Department of Education has considered Claimant's not getting vaccinated as "misconduct" which means Claimant can't get a job in New York City.

All my rights under the Constitution, both Federal and State, city and State Human Rights Laws, NYS Administrative Code, as well as employment rights under the Collective Bargaining Agreements between the UFT and the DOE have been violated. In addition, many employment applications ask if you have ever been discharged from a job.

3

4) **The items of damage or injuries claimed are:**

damages to reputation; emotional distress; impairment of Claimant's ability to secure future employment; impairment of earning power; tortious interference with business relations; malicious prosecution; abuse of process; fraud; and retaliation, defamation, libel and slander.

The items of damage or injuries claimed amount to two million dollars.

The claim and demand is hereby presented for adjustment and payment.

PLEASE TAKE FURTHER NOTICE that by reason of the foregoing, in default of the City of New York and the listed Defendant to pay the claimant her claim within the time limited for compliance with this demand by the applicable statutes, claimant intends to commence an action against the City of New York and the listed Defendant to recover her damages with interest and costs.

Dated:

_____
Joanne Thome-Long

Sworn or Affirmed before me on
the day of MAY 5th, 2022

_____
Notary Public

RADICA JAIKARAN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. NO1JA6074477
Qualified in Kings County
Commission Expires June 10, 20__

4

# EXHIBIT B





1000          10007

Hon. Sylvia O. Hinds-Radix
Corporation Counsel
New York City Law Department
100 Church Street
New York, New York 10007



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

7020 1290 0002 0772 3956

J. Thorne-Long
2362 Pacific Street #2
Brooklyn NY 11233



# NOTICE OF CLAIM

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Joanne Thorne-Long

                               **Claimant,**

        **- against -**

**CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF EDUCATION,**

                              **Defendants**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

To:

    Office of the City Comptroller
    Bureau of Law and Adjustment
    1 Centre Street, Room 1225
    New York, New York 10007

    Hon. Sylvia O. Hinds-Radix
    Corporation Counsel
    New York City Law Department
    100 Church Street
    New York, New York 10007

    New York City Department of Education
    52 Chambers Street
    New York, N.Y. 10007

**PLEASE TAKE NOTICE** that the Claimant hereby makes claim and demand against the individuals and groups named in the caption above:

1) **The name, post office address, and phone number of Claimant:**

    Joanne Thorne-Long
    2362 Pacific Street, 2, Brooklyn NY 11233-6749
    (404) 246-5772
    joyenne1970@hotmail.com

2022 MAY 11 P 12: 13

2022 MAY 13 P 2:40
RECEIVED
CENTRAL IMAGING FACILITY
BUR. INFORMATION SYSTEMS
NYC COMPTROLLER

1

2022 MAY 11 · P 12 : 13

RECEIVED BY MAIL
COMMUNICATIONS LTD.

## 2) **The nature of the claim:**

This claim seeks recovery for monetary damages for the harm caused to Claimant reputation, livelihood, and career; additionally for the distress, suffering, mental, emotional, and physical anguish and impairment of Claimant's ability to secure future employment, and impairment of earning power inflicted upon the Claimant due to the negligence, carelessness, recklessness, and misfeasance, malfeasance, and negligent acts practices, and/or omissions of the Defendants. Claimant's rights under the Constitution, both Federal and State, city and State Human Rights Laws, NYS Administrative Code, as well as employment rights under the Collective Bargaining Agreements between the UFT and the DOE. Claimant now seeks to be made whole.

## 3) **The time when, the place where, and the manner in which the claim arose**

On August 23, 2021, a notice of a Vaccine Mandate was sent out by New York City Department of Education (NYC DOE) Chancellor Meisha Porter.

On September 10, 2021, an arbitration agreement was signed concerning among other issues rules that would be applied to anyone seeking a religious accommodation for the vaccine mandate. In the arbitration agreement between the NYC DOE and the United Federation of Teachers (UFT), there is a clause pertaining to religious exemption that is in direct opposition to the laws of our nation. The clause reads: 'Religious exemptions for an employee to not adhere to the mandatory vaccination policy must be documented in writing by a religious official (e.g., clergy). Requests shall be denied where the leader of the religious organization has spoken publicly in favor of the vaccine, where the documentation is readily available (e.g., from an online source), or where the objection is personal, political, or philosophical in nature. Exemption requests shall be considered for recognized and established religious organizations (e.g., Christian Scientists).'

September 14, 2021, I applied for a religious exemption.

On September 17, 2021, I received a denial without an explanation.

On September 24, 2021, I received another denial to my appeal without an explanation.

On October 1, 2021, I received notice that I could no longer enter the school building starting on October 4, 2021.

On November 15, 2021, the United States Court of Appeal for the Second Circuit ordered fresh consideration of people's request for religious accommodation. Such consideration shall adhere to the standards established by Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law. Such consideration shall not be governed by the challenged criteria set forth in Section IC of the arbitration award for United Federation of Teachers members. Accommodations will be considered for all sincerely held religious observances, practices, and beliefs.

2

RECEIVED BY MAIL
2022 MAY 11 P 12:13

On November 19, 2021, the Division of Human Capital sent me an email response as follows: "According to our records, you appealed a denial of a religious exemption to the COVID-19 vaccine mandate and that appeal was not granted by the third-party arbitrator. As you may be aware, other City employees now have an option to appeal a religious exemption denial by their agency to a central Citywide Panel. Based on your status, you now have an opportunity to also appeal to this Citywide Panel."

On November 28, United States Court of Appeal for the Second Circuit merit panel concluded "It is, of course, true that the citywide panel must abide by the First Amendment. By ordering the citywide panel's proceedings to abide by other applicable law, the Motions Panel Order does not (and could not) suggest that the First Amendment is somehow inapplicable to those proceedings." It also reaffirmed that a fresh consideration of people's request for religious accommodation. In addition to the First Amendment such consideration shall adhere to the standards established by Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law.

On December 3, 2021, I re-appealed my religious exemption denial. I have not received any communication as of date of this claim from: "Your request will be considered by a central Citywide Panel comprised of representatives of the Commission on Human Rights, the Department of Citywide Administrative Services, and the Office of the Corporation Counsel. The determination will be made by the panel according to the standards imposed by Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law."

On January 31, 2022, I received a termination notice from the NYCDOE Division of Human Resources stating that I would be terminated on February 11, 2022.

On February 11, 2022, I was terminated from my teaching position by the City of New York City Department of Education.

On or about April 28, 2022, I became aware of an email sent, on or about February 9, 2022, from the New York City Department of Education to Beth Norton at the UFT saying that any request for an exemption from taking the vaccination immediately placed the member's fingerprints into the 'Problem Code' at the Human Resources' Office of Personnel Investigations. This means that Defendants placed my fingerprints in a database at the Office of Personnel Investigations. The 'Problem Code' is used for employees who have committed what the New York City Department of Education considers misconduct. Therefore the New York City Department of Education has considered Claimant's not getting vaccinated as 'misconduct' which means Claimant can't get a job in New York City.

All my rights under the Constitution, both Federal and State, city and State Human Rights Laws, NYS Administrative Code, as well as employment rights under the Collective Bargaining Agreements between the UFT and the DOE have been violated. In addition, many employment applications ask if you have ever been discharged from a job.

3

4) **The items of damage or injuries claimed are:**

damages to reputation; emotional distress; impairment of Claimant's ability to secure future employment; impairment of earning power; tortious interference with business relations; malicious prosecution; abuse of process; fraud; and retaliation, defamation, libel and slander.

The items of damage or injuries claimed amount to two million dollars.

The claim and demand is hereby presented for adjustment and payment.

PLEASE TAKE FURTHER NOTICE that by reason of the foregoing, in default of the City of New York and the listed Defendant to pay the claimant her claim within the time limited for compliance with this demand by the applicable statutes, claimant intends to commence an action against the City of New York and the listed Defendant to recover her damages with interest and costs.

Dated:

_____
Joanne Thorne-Long

Sworn or Affirmed before me on
the day of *mar* 5th, 2022

_____
Notary Public

RADICA JAIKARAN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. No. 01JA6075477
Qualified in Kings County
Commission Expires    June 10, 20__

# EXHIBIT C



015 - 365

**THE CITY OF NEW YORK**
**OFFICE OF THE COMPTROLLER**
**CLAIMS AND ADJUDICATIONS**
**1 CENTRE STREET ROOM 1200**
**NEW YORK, N.Y. 10007-2341**

www.comptroller.nyc.gov

**Brad Lander**
**COMPTROLLER**

Date:        5/20/2022
RE:        Receipt of Notice of Claim
Claim Number:  2022LE014425

JOANNE THORNE LONG
2362 PACIFIC ST APT 2
BROOKLYN NY 11233-6749

Dear Claimant:

   We acknowledge receipt of your Notice of Claim, which has been assigned the above claim number. Please refer to this claim number in any correspondence or inquiry you may have with our office.

   If your claim is not resolved, most lawsuits against the City must be started within one year and 90 days from the date of the alleged incident.

                                        The Bureau of Law & Adjustment