23 Civ. 04305 (DG) (LB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOANNE C. THORNE-LONG,

Plaintiff,

-against-

THE CITY OF NEW YORK, and NEW YORK CITY
DEPARTMENT OF EDUCATION,

Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT

### HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 2-111
New York, N.Y. 10007-2601

Of Counsel:  René L. Macioce
Telephone: (212) 356-2479
rmacioce@law.nyc.gov

Matter No. 2023-049801

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................................... iii

PRELIMINARY STATEMENT ..................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................... 2

ARGUMENT

      POINT I

           THE CITY OF NEW YORK IS NOT A PROPER
           PARTY TO THIS ACTION ................................................................... 6

      POINT II

           PLAINTIFF'S TITLE VII CLAIMS MUST BE
           DISMISSED FOR FAILURE TO PLEAD THE
           EXISTENCE OF A RIGHT TO SUE LETTER .................................... 7

      POINT III

           PLAINTIFF'S SHRL AND CHRL CLAIMS
           AGAINST DOE ARE PARTIALLY BARRED
           FOR FAILURE TO TIMELY FILE A NOTICE
           OF CLAIM ........................................................................................... 10

      POINT IV

           PLAINTIFF'S SHRL AND CHRL CLAIMS
           AGAINST DOE ARE PARTIALLY BARRED
           FOR FAILURE TO TIMELY FILE A NOTICE
           OF CLAIM ........................................................................................... 10

      POINT V

           THE VACCINE MANDATES WERE LAWFUL,
           CONSITUTIONAL, AND ENFORCEABLE ....................................... 12

           A.   The Vaccine Mandate was Generally Lawful
               and Enforceable ............................................................................. 13

B.   Plaintiff's Supremacy Clause Claim Fails as a
Matter of Law ................................................................ 14

C.   Plaintiff has not Plausibly Plead a First
Amendment Claim ......................................................... 15

POINT VI

THE FAC FAILS TO STATE A FAILURE TO
ACCOMMODATE CLAIM UNDER ALL
STATUTES ........................................................... 16

POINT VII

THE FAC FAILS TO STATE A
DISCRIMINATION CLAIM UNDER ALL
STATUTES ........................................................... 20

POINT IX

PLAINTIFF'S CLAIM THAT SHE DID NOT
RECEIVE A REVIEW BY THE CITYWIDE
PANEL SHOULD HAVE BEEN BROUGHT AS
AN ARTICLE 78 SPECIAL PROCEEDING ...................................... 21

CONCLUSION ................................................................. 23

## TABLE OF AUTHORITIES

**Cases**          **Pages|**

Algarin v. NYC Health + Hosps. Corp.,
   No. 22 Civ. 8340 (JLR),
   2023 U.S. Dist. LEXIS 10866 (S.D.N.Y. June 23, 2023)     17, 18, 19

Amorosi v. S. Colonie Indep. Cent. Sch. Dist.,
   9 N.Y.3d 367 (2007)     10

Baker v. Home Depot,
   445 F.3d 541 (2d Cir. 2006)     17

Beickert v. N.Y.C. Dep't of Educ.,
   No. 22 Civ. 5265 (DLI) (VMS),
   2023 U.S. Dist. LEXIS 170719 (E.D.N.Y. Sept. 25, 2023)     18, 19, 20

Bermudez v. City of N.Y.,
   783 F. Supp. 2d 560 (S.D.N.Y. 2011)     22

Brock v. City of New York,
   No. 21 Civ. 11094 (AT) (SDA)
   2022 U.S. Dist. LEXIS 17389 (S.D.N.Y. Jan. 28, 2022)     16

Brown v. New York City Dep't of Educ.,
   No. 20 Civ. 2424 (VEC) (OTW),
   2021 U.S. Dist. LEXIS 181382 (S.D.N.Y. Aug. 31, 2021)     21

Butts v. N.Y.C. Dep't of Hous. Pres. & Dev.,
   990 F.2d 1397 (2d Cir. 1993)     10

Byrne v. Ceresia,
   503 F. Appx. 68 (2d Cir. 2012)     25

C.F. v. NY City Dept. of Health & Mental Hygiene,
   191 A.D. 3d 52 (2d Dep't 2020)     16

Chapman v. City of New York,
   No. 06 Civ. 3153 (ENV) (JMA),
   2011 U.S. Dist. LEXIS 34221 (E.D.N.Y. March 25, 2011)     6

Chchannikova v. City of New York,
   138 A.D.3d 908 (2d Dep't 2016)     12

Church of the Am. Knights of the Ku Klux Klan v. Kerik,
   356 F.3d 197 (2d Cir. 2004)     14

Cases                                                                                          Pages

Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah,
   508 U.S. 520 (1993)                                                                        15

Collier v. Boymelgreen Developers,
   No. 06 Civ. 5425 (SJ),
   2007 U.S. Dist. LEXIS 36181 (E.D.N.Y. May 17, 2007)                                         8

Craven v. City of New York,
   No. 20 Civ. 8464 (ER),
   2022 U.S. Dist. LEXIS 133674 (S.D.N.Y. July 27, 2022)                                       10

Dayton v. City of Middletown,
   No. 09-CV-8140 (KMK),
   786 F. Supp. 2d 809 (S.D.N.Y. March 31, 2011)                                               11

Donovan v. Inc. Vill. of Malvern
   547 F. Supp. 2d 210 (E.D.N.Y. 2008)                                                         25

Earl v. Good Samaritan Hosp. of Suffern NY,
   625 F.Supp. 3d 292 (S.D.N.Y. 2022)                                                           8

Elliot-Leach v. New York City Dep't of Educ.,
   710 Fed. Appx. 449 (2d Cir. 2017)                                                            9

Employment Div. v. Smith,
   494 U.S. 872 (1990)                                                                          15

Falchenberg v. N.Y.C. Dep't of Educ.,
   375 F. Supp. 2d 344 (S.D.N.Y. 2005)                                                          6

Fifth Ave. Presbyterian Church v. City of New York,
   293 F.3d 570 (2d Cir. 2002)                                                                  16

Francis v. City of New York,
   235 F.3d 763 (2d Cir. 2000)                                                                  9

Freud v. New York City Dep't of Educ.,
   No. 21 Civ. 2281 (MKV),
   2022 U.S. Dist. LEXIS 54353 (S.D.N.Y. March 25, 2022)                                        14, 15

Fuca v. City of New York,
   15 Misc. 3d 86 (2d Dep't, 2007)                                                              24

Garland v. N.Y. City Fire Dep't.,

| Cases | Pages |
|---|---|

574 F. Supp. 3d 120 (E.D.N.Y. 2021) — 13

Gitten-Bridges v. City of New York,
   No. 19 Civ. 272 (ER),
   2020 U.S. Dist. LEXIS 102882 (S.D.N.Y. June 11, 2020) — 25

Glascoe v. Solomon,
   No. 18 Civ. 8284 (AT),
   2020 U.S. Dist. LEXIS 46930 (S.D.N.Y. March 17, 2020) — 11

Greenbaum v. N.Y. City Transit Auth.,
   2022 U.S. App. LEXIS 22589 (2d Cir. Aug. 15, 2022) — 17

Greene v. Kabbala Ctr. Int'l, Inc.,
   625 F. Supp. 3d 3 (E.D.N.Y. 2022) — 18

Groff v. DeJoy,
   143 S. Ct. 2279 (2023) — 18

Hagan v. City of N.Y.,
   39 F. Supp. 3d 481 (S.D.N.Y. 2014) — 22

Hardy v. New York City Health & Hosps. Corp.,
   164 F.3d 789 (2d Cir. 1999) — 11

Henek v. CSC Holdings, LLC,
   449 F. Supp. 3d 35 (E.D.N.Y. 2020) — 21

Herz v. City of N.Y.,
   No. 20 Civ. 2846 (JPO),
   2021 U.S. Dist. LEXIS 7646 (S.D.N.Y. Jan. 14, 2021) — 6

Hollander v. Am. Cyanamid Co.,
   895 F.2d 80 (2d Cir. 1990) — 23

Hughey v. Metropolitan Transp. Auth.,
   159 A.D.3d 596 (1st Dep't 2018) — 24

Jeanty v. Newburgh Beacon Bus Corp.,
   No. 17 Civ. 9175 (CS),
   2018 U.S. Dist. LEXIS 197248 (S.D.N.Y. Nov. 19, 2018) — 2

Jones v. Bay Shore Union Free Sch. Dist.,
   170 F. Supp. 3d 420 (E.D.N.Y. 2016) — 25

<u>Cases</u>                                                                                                        <u>Pages</u>


Kane v. De Blasio,
    19 F.4th 152 (2d Cir. 2021)                                                                        7, 13

Kane v. DiBlasio,
    623 F. Supp. 3d 339 (S.D.N.Y. 2022)                                                   15, 19, 20

Lafontant v. Mid-Hudson Forensic Psychiatric Ctr.,
    No. 18 Civ. 23 (KMK),
    2023 U.S. Dist. LEXIS 181654 (S.D.N.Y. Oct. 10, 2023)                              22

Leebaert v. Harrington,
    332 F.3d 134 (2d Cir. 2003)                                                                         16

Lewinter v. New York City Dep't of Educ.,
    No. 09 Civ. 0227 (PGG),
    2010 U.S. Dist. LEXIS 68493 (S.D.N.Y. July 9, 2010)                                   11

Littlejohn v. City of N.Y.,
    795 F.3d 297 (2d Cir. 2015)                                                                           8

Lowman v. NVI LLC,
    821 Fed. Appx. 29 (2d Cir. 2020)                                                              18, 20

Martinez v. O'Leary,
    No. 11 Civ. 1405 (ENV) (JO),
    2013 U.S. Dist. LEXIS 94050 (E.D.N.Y. June 28, 2013)                                25

Matter of Clarke v. Bd. of Educ. of the City Sch.,
    213 A.D.3d 548 (1st Dep't 2023)                                                                13

Matter of Hogue v. Board of Educ. of the City Sch. Dist. of the City of N.Y.,
    197 N.Y.S. 136 (1st Dep't Oct. 3, 2023)                                                       24

Matter of Lee v. City of New York,
    2023 N.Y. App. Div. LEXIS 6032 (1st Dep't Nov. 21, 2023)                          25

Matter of Lynch v. Board of Educ. of the City Sch. Dist. of the City of N.Y.,
    2023 N.Y. App. Div. LEXIS 5761 (1st Dep't Nov. 14, 2023)                          25

Matter of Marsteller v. City of New York,
    217 A.D.3d 543 (1st Dep't June 20, 2023)                                                   24

McHenry v. Fox News Network LLC,

<u>Cases</u>                                                                                          <u>Pages</u>

   510 F. Supp. 3d 51 (S.D.N.Y. 2020)                                                   22

McManamon v. Shinseki,
   No. 11 Civ. 7610 (PAE),
   2013 U.S. Dist. LEXIS 96087 (S.D.N.Y. July 10, 2013)                             22

McPherson v. N.Y. City Dep't of Educ.,
   457 F.3d 211 (2d Cir. 2006)                                                       8

Miner v. Clinton County,
   541 F.3d 464 (2d Cir. 2008)                                                      14

Missick v. City of New York,
   707 F. Supp. 3d 336 (E.D.N.Y. 2010)                                              23

Offor v. Mercy Med. Ctr.,
   167 F. Sup 3d 414 (E.D.N.Y. 2016)                                                20

Pagan v. Morrissania Neighborhood Family Health Ctr.,
   No. 12 Civ. 9047 (WHP),
   2014 U.S. Dist. LEXIS 14978 (S.D.N.Y. Jan. 22, 2014)                             21

Parochial Bus Systems v. Board of Education,
   60 N.Y.2d 539 (N.Y. 1983)                                                        11

Purcell v. City of New York,
   110 A.D.3d 535 (1st Dep't 2013)                                                  24

Quirino v. New Jewish Home,
   No. 19 Civ. 05778 (PAE)(DF),
   2021 U.S. Dist. LEXIS 248295 (S.D.N.Y. 2021)                                      9

Riley v. N.Y. City Health & Hosps. Corp.,
   No. 22 Civ. 2736 (JGK),
   2023 U.S. Dist. LEXIS 27562 (S.D.N.Y. Feb. 17, 2023)                             16

Roman Catholic Diocese v. Cuomo,
   141 S. Ct. 63 (2020)                                                             12

Rubin v. New York City Bd. of Educ,
   No. 20 Civ. 10208 (LGS) (KHP),
   2023 U.S. Dist. LEXIS 2832 (S.D.N.Y. Jan. 6, 2023)                               10

Sank v. City Univ. of N.Y.,

| Cases | Pages |
|---|---|

No. 10 Civ. 4975 (RWS),
  2011 U.S. Dist. LEXIS 125016 (S.D.N.Y. Oct. 27, 2011) ... 21

Sealy v. State Univ. of N.Y.,
  834 Fed. Appx. 611 (2d Cir. 2020) ... 23

Shields v. NYC Health & Hosps. Corp.,
  489 F.Supp. 3d 155 (S.D.N.Y. 2020) ... 22

Sindone v. Kelly,
  439 F. Supp. 2d 268 (S.D.N.Y. 2006) ... 24

Tyk v. Surat,
  675 Fed. Appx. 40 (2d Cir. 2017) ... 12

Vassilev v. City of N.Y.,
  No. 13-cv-5385 (PAC),
  2014 U.S. Dist. LEXIS 111722, *6 (S.D.N.Y. Aug. 12, 2014) ... 6

Wang v. Palmisano,
  157 F. Supp. 3d 306 (S.D.N.Y. 2016) ... 23

Weiss v. Inc. Vill. of Sag Harbor,
  762 F. Supp. 2d 560 (E.D.N.Y. 2011) ... 2

Williams v. N.Y. City Dep't of Educ.,
  No. 19 Civ 1353 (CM),
  2019 U.S. Dist. LEXIS 147789 (S.D.N.Y. Aug. 28, 2019) ... 12

Williams v. N.Y. City Hous. Auth.,
  458 F.3d 67 (2d Cir. 2006) ... 8

**Statutes**

Education Law § 3813(1) ... 11

N.Y. C.P.L.R. § 217 ... 25

N.Y. Educ. Law § 3813(2-b) ... 10

## PRELIMINARY STATEMENT

Plaintiff, a former Special Education Teacher employed by the New York City Department of Education ("DOE"), brings this action pursuant to the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law § 296, *et seq.* ("SHRL"), and the New York City Human Rights Law, N.Y.C. Administrative Code §§ 8-101, *et seq.* ("CHRL"). See First Amended Complaint ("FAC"), ECF Dkt. No. 12.

Defendants now move to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), in its entirety upon the following grounds: (1) the City of New York is not a proper party; (2) Plaintiff's SHRL and CHRL claims are partially barred by the applicable statute of limitations and the applicable notice of claim requirements; (3) Plaintiff has not plead that she received, nor is Defendant independently aware of, a right to sue letter; (4) the vaccine mandate is constitutional; (5) Plaintiff fails to allege any similarly situated individuals who were treated differently for purposes of the federal and state Equal Protection Clause claims; (6) Plaintiff fails to plausibly allege that the mandate singled out religious individuals for purposes of a First Amendment claim; (7) all suggested accommodation would have placed undue hardship on the DOE; (8) the FAC lacks allegations to plausibly suggest that her religion, or the DOE's choice to not reinstate her, was the cause of her termination; and (9) Plaintiff does not plausibly allege a causal connection between a protected activity and any purported retaliatory act.

## STATEMENT OF FACTS[1]

### A.     Vaccine Mandate and Reinstatement Procedure

On August 23, 2021, former Mayor de Blasio and the former New York City Department of Health & Mental Hygiene Commissioner, Dave A. Chokshi, announced that DOE employees would be subject to a "vaccine only" mandate. See DOE Order, dated September 15, 2021, a copy of which is annexed to the Declaration of René L. Macioce ("Macioce Dec.") as Exhibit A; see also Amended DOE Order, dated September 28, 2021, a copy of which is annexed to the Macioce Dec. as Exhibit B. The United Federation of Teachers ("UFT") and the DOE engaged in negotiations over the implementation of the DOE Order. See September 10, 2021 Arbitration Award Decision in Board of Education of the City School District of the City of New York and the United Federation of Teachers, Local 2, AFT, AFL-CIO (hereafter "Impact Arbitration Award"), annexed to the Macioce Dec. as Exhibit C.

Following the issuance of the DOE Order, bargaining units for the City and DOE employees met to negotiate over the impact of the order on DOE employees. UFT is the bargaining unit for teachers employed by DOE.  Those negotiations reached an impasse and, on September 10, 2021, an arbitrator issued a decision which established: (1) a process for requesting exemptions and accommodations; (2) that employees could elect to resign from their positions in exchange for

---

[1] Plaintiff's factual allegations are assumed to be true only for the purposes of this motion to dismiss.  This statement of facts is derived from the allegations in and documents annexed to, the Complaint and the lettered exhibits annexed to the Declaration of Assistant Corporation Counsel René L. Macioce, dated July 19,2023 ("Macioce Decl.") accompanying this memorandum of law. The Court may properly consider the documents annexed to the Macioce Declaration because they were incorporated by reference in the Complaint or that are integral to plaintiff's claims.  See Jeanty v. Newburgh Beacon Bus Corp., No. 17 Civ. 9175 (CS), 2018 U.S. Dist. LEXIS 197248, *10 (S.D.N.Y. Nov. 19, 2018) (quoting Weiss v. Inc. Vill. of Sag Harbor, 762 F. Supp. 2d 560, 567 (E.D.N.Y. 2011) (internal quotation marks omitted)).

special benefits or extend their Leave Without Pay ("LWOP") with benefits through September 5, 2021; and (3) that employees who did not select either option would remain on LWOP, with health insurance, until December 1, 2021, at which point DOE could begin to unilaterally terminate their employment. See Ex. C at 6-13. Thus, the Impact Arbitration Award established a process to request medical and religious exemptions from the vaccination requirement and medical accommodations for those who remain unable to mount an immune response after receiving a full course of vaccination. See id. It also set forth that employees who have not requested an exemption or accommodation or whose request was denied, could be placed on LWOP by the DOE starting September 28, 2021.

On February 6, 2023,  the Mayor of the City of New York announced that the City "will make vaccination optional for current and prospective city workers effective February 10, 2023, following the expected ratification at the next Board of Health meeting." See Office of the Mayor Press Release, dated February 6, 2023 https://www.nyc.gov/office-of-the-mayor/news/092-23/with-96-percent-city-workers-fully-vaccinated-mayor-adams-covid-19-vaccination[2]. Noting that the vast majority (96%) of the City's workers and New Yorkers, generally, had been fully inoculated against COVID-19, the Mayor stated that the "vaccine requirement for the primary series of shots has served its purpose, driving rates of vaccination up among the city's workforce during a critical period in the pandemic." Id. The Mayor further explained that while "former employees terminated for failing to submit proof of vaccination will not be able to automatically return to their previous positions, they will be able to apply for

---

[2] This document is not only incorporated by reference into the complaint (See FAC at ¶ 32), but also, is a public record of which the Court may take judicial notice. See Roe v. Johnson, 224 F. Supp. 2d 415, 419-20 (S.D.N.Y. 2004) ("A court may take judicial notice of a public record pursuant to Rule 201(b) Fed R. Evid.")

positions with their former agencies through existing city rules and regulations and hiring process."
Id.

In light of the Mayor's February 2022 change in the Vaccine Mandate, the DOE posted guidance in relation to the Vaccine Mandate and the reinstatement process. See Department of Education Announcement Regarding Re-instatement, annexed to the Macioce Dec. as Exhibit E. In pertinent part, the announcement provides that "there are no provisions for automatic return to service, or guarantees of hire…" and that "[i]f the employee was terminated… they may apply to be re-hired as a new employee but may not be reinstated…" Ex. D.

## B.      Plaintiff's Allegations

Plaintiff purports to have been employed by the "DOE as a Special Education Teacher from 2004 to 2010 and again from 2018 until she was terminated." FAC at ¶ 6. Plaintiff failed to provide proof of vaccination and, instead, requested a religious exemption by a letter dated September 15, 2021.[3] See FAC at ¶ 15; see also Exemption Request Letter, dated September 15, 2021, annexed to the Macioce Dec. as Exhibit E. In this letter, Plaintiff claimed that she was refusing to be vaccinated because "she is being led by the Holy Spirit to not take the vaccine and wants to be obedient to the Spirit of God…" Ex. E.  On September 17, 2021, Plaintiff's religious exemption request was denied by the DOE. See FAC at ¶ 15; see also Denial E-mail, dated September 17, 2021, annexed to the Macioce Dec. as Exhibit F. The DOE explained to Plaintiff:

> We have reviewed your application and supporting
> documentation for a religious exemption from the DOE

---

[3] Plaintiff's complaint alleges that she applied for a religious exemption on September 14, 2021, but her application, as received by Defendant DOE, is dated September 15, 2021. See Compl. at ¶ 19; see also Ex. E. This discrepancy is inconsequential in regards to the arguments made in the remainder of the motion.

> COVID-19 vaccine mandate. Your application has failed to meet the criteria for a religious based accommodation because, per the Order of the Commissioner of Health, unvaccinated employees cannot work in a school building without posing a direct threat to health and safety. We cannot offer another worksite as an accommodation, as that would impose an undue hardship (i.e. more than a minimal burden) on the DOE and its operations.

See Ex. F. Sometime between September 17, 2021 and September 20, 2021, Plaintiff submitted an appeal of the denial of her request. See Plaintiff's Appeal, annexed to Macioce Dec. as Exhibit G. On September 20, 2021, Plaintiff was sent an e-mail confirming receipt of her appeal of the September 17, 2021 denial.  See Appeal Notification, dated September 20, 2021, annexed to the Macioce Dec. as Exhibit H. Plaintiff's appeal was denied on September 24, 2021 by arbitrator Martin Scheinman.  See Award – In the Matter of The Arbitration between New York City Department of Education and Joanne Thorne Long, dated September 24, 2021, annexed to the Macioce Dec. as Exhibit I; see also FAC at ¶ 16. On October 1, 2021, Plaintiff alleges that she was informed she "could no longer enter her school building starting on October 4, 2021."  See FAC at ¶ 17.

Plaintiff alleges that she re-appealed her denial on December 3, 2021 to the Citywide Panel, but did not receive any further communication. See FAC at ¶¶22, 23. On February 11, 2022, Plaintiff was terminated from her position with the DOE as she failed to comply with the vaccination requirement. See FAC at ¶¶25-6. Plaintiff further alleges that because she did not comply with the vaccine requirement she was "placed… into the 'Problem Code' at the Human Resources' Office of Personnel Investigations" which Plaintiff claims is considered as having committed "misconduct" and, thus" has made it "difficult for Plaintiff to obtain another job in New York City." FAC at ¶ 28. Plaintiff further alleges that she filed a notice of claim on May 9, 2022

and that "in or about March or April 2022" she "filed a complaint with the… EEOC." FAC at ¶ 31; see also FAC at pg. 18-37 .

      Plaintiff further alleges that following the lifting of the vaccine mandate in February 2023, she reached out to the DOE "with regard to reinstatement to her former teaching position." FAC at ¶ 33. She was told by the Executive Director of DOE's Division of Human Resources, on May 9, 2023, that:

> If your school has an opening and would like to rehire you, they can do so they will manage the hiring process. I would suggest that you contact them. If they do not have a position, you are free to seek employment in another school that has an open position in your license area. You are not entitled to an automatic reinstatement to your former position.

FAC at ¶ 33

      Plaintiff further alleges that she emailed the current Principal of the school she formerly taught at but received no response. See FAC at ¶ 34.

## ARGUMENT

### POINT I

### THE CITY OF NEW YORK IS NOT A PROPER PARTY TO THIS ACTION

      DOE is a separate entity from the City of New York. See Herz v. City of N.Y., No. 20 Civ. 2846 (JPO), 2021 U.S. Dist. LEXIS 7646, at *6-7 (S.D.N.Y. Jan. 14, 2021) ("the City and the Board remain separate legal entities"); see also Vassilev v. City of N.Y., No. 13 Civ. 5385 (PAC), 2014 U.S. Dist. LEXIS 111722, at *6 (S.D.N.Y. Aug. 12, 2014) (same).  Thus, as a matter of law, one may not be held liable for the acts of the other. See Chapman v. City of New York, No. 06 Civ. 3153 (ENV) (JMA), 2011 U.S. Dist. LEXIS 34221, at *15 (E.D.N.Y. March 25, 2011) ("the City cannot be liable for the acts of DOE or its employees.") (collecting cases); see also Falchenberg v. N.Y.C. Dep't of Educ., 375 F. Supp. 2d 344, 347 (S.D.N.Y. 2005) ("While factual

allegations must be construed in a light most favorable to the Plaintiff, the issues of whether or not DOE is a department of the City is a legal issue."). Thus, where there are no factual "allegations demonstrating participation by the City, the complaint fails to state a cause of action against it." Falchenberg at *34.

As Plaintiff is a former employee of the DOE, her claims are properly directed at the DOE and not the City of New York. See FAC at ¶ 6. As a DOE employee, Plaintiff was subjected to a different Department of Health order requiring vaccination than all other city employees. See FAC at ¶ 12; see also Ex. A; Ex. B; Order Requiring COVID-19 Vaccination for City Employees, https://www.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-requirement-city-employees.pdf. Plaintiff also first sought an exemption through the DOE and then appealed to an arbitrator pursuant to a union-negotiated procedure. See FAC at ¶¶13-17. It was only the result of federal litigation that Plaintiff obtained a second review of her request by the Citywide Panel. See FAC at ¶18 (citing Kane v. DeBlasio, 19 F.4th 152, 162 (2d Cir. 2021)). Furthermore, the relief which Plaintiff seeks includes reinstatement to her former position of employment with backpay and benefits as well as money damages which would be due to Plaintiff from the DOE, not the City of New York. See FAC at p.14.

Therefore, because the DOE and the City of New York are separate entities and Plaintiff's claims exclusively involve factual allegations against the DOE, the City of New York must be dismissed as a party to this action.

### POINT II

**PLAINTIFF'S TITLE VII CLAIMS MUST BE DISMISSED FOR FAILURE TO PLEAD THE EXISTENCE OF A RIGHT TO SUE LETTER**

Title VII requires that an employee file an administrative charge with the EEOC or a state agency prior to commencing suit. See Littlejohn v. City of New York, 795 F.3d 297, 322 (2d Cir. 2015) ("[b]efore bringing a Title VII suit in federal court, an individual must first present 'the claims forming the basis of such a suit… in a complaint to the EEOC or the equivalent state agency.'") (quoting Williams v. N.Y. City Hous. Auth., 458 F.3d 67, 69 (2d Cir. 2006)). Furthermore, a plaintiff must also obtain a right to sue letter and commence said suit within 90 days of receipt. See McPherson v. N.Y. City Dep't of Educ., 457 F.3d 211, 212-3 (2d Cir. 2006) (under Title VII a plaintiff must file a charge with the EEOC and then file suit within ninety days of receiving a right to sue letter). Dismissal of such claims is warranted where plaintiff has not demonstrated that she has satisfied these two pre-requisites. See Earl v. Good Samaritan Hosp. of Suffern NY, 625 F.Supp. 3d 292, 301-02 (S.D.N.Y. 2022) (dismissing federal discrimination claims where plaintiff neither demonstrated he had filed charges with the EEOC nor that he received a right to sue letter).

Here, Plaintiff alleges that she filed a Complaint with the EEOC "[i]n or about March or April 2022." FAC at ¶ 31. However, she does not allege that she has received a right to sue letter, let alone that she filed suit within 90 days. Such a pleading deficiency is fatal to her claims. See Collier v. Boymelgreen Developers, No. 06 Civ. 5425 (SJ), 2007 U.S. Dist. LEXIS 36181, at *21 (E.D.N.Y. May 17, 2007) (holding that the failure to "plead receipt of a right-to-sue letter" was not a "pointless formality" but, instead, "well-established procedure" which required dismissal of Plaintiff's Title VII claims.). Indeed, Defendants, who are not independently aware of any such filing or right to sue letter, submitted a Freedom of Information Act request with the EEOC to search for responsive records. By letter, the EEOC responded that they "have no record of a complaint filed" by the Plaintiff. EEOC Search Determination Letter, dated November 16,

2023, annexed to the Macioce Dec. as Exhibit J[4], at p. 3. This is also fatal to Plaintiff's Title VII claim. see Elliot-Leach v. New York City Dep't of Educ., 710 Fed. Appx. 449, 451 (2d Cir. 2017) (affirming district court's dismissal of Title VII and ADA claims where "[i]n response to a separate inquiry by the [DOE], the EEOC stated 'we have no record of a complaint actually filed…'")

Furthermore, to the extent that Plaintiff's Title VII claim relies upon allegations which occurred after April 2022, i.e., claims including, and after, the Vaccine Mandate's rescission (see FAC at ¶¶32-4)[5], those claims are separately barred by Plaintiff's failure to file another EEOC charge. See Francis v. City of New York, 235 F.3d 763, 768 (2d Cir. 2000) ("exhaustion of administrative remedies through the EEOC stands as an essential element of Title VII…"). However,  It is true that "[t]his does not quite end the Court's inquiry, as Title VII claims that were not raised in a prior EEOC complaint 'may still be brought in federal court if they are reasonably related to the claim[s] filed with the agency." Quirino v. New Jewish Home, No. 19 Civ. 05778 (PAE)(DF), 2021 U.S. Dist. LEXIS 248295, at *21 (S.D.N.Y. 2021). The Second Circuit has articulated "three situations where claims not alleged in an EEOC charge may be deemed reasonably related" these being: "(1) where the conduct complained of would fall within the scope of the EEOC investigation which can be reasonably be expected to grow out of the charge… (2) where a plaintiff allegedly faces retaliation for filing an EEOC charge, and (3) where a plaintiff

---

[4] As an EEOC charge is a pre-requisite for Plaintiff bring her Title VII claims, the Court may properly consider this letter on a motion to dismiss. See Morris v. David Lerner Assoc., 680 F. Supp. 3d 430, 436  (E.D.N.Y. 2010) ([W]ith respect to administrative filings (such as the NYSDHR and the EEOC) and decisions, the Court may consider such documents because they are public documents… as well as because they are integral to plaintiffs claims.")

[5] Though Plaintiff's cause of action portion for Title VII makes no reference to any allegation regarding reinstatement, in light of her Pro Se status, Defendants address this point out of caution. See FAC at ¶¶32-4.

alleges incidents of discrimination that occurred after the EEOC investigation… but were carried out in the same manner alleged in the EEOC Charge." Craven v. City of New York, No. 20 Civ. 8464 (ER), 2022 U.S. Dist. LEXIS 133674, at *12 (S.D.N.Y. July 27, 2022) (quoting Butts v. N.Y.C. Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993)).

Though Plaintiff does not reference the contents of her allege EEOC complaint, nor does she attach the charge itself to her complaint. See FAC at ¶ 31. For purposes of this motion however, Defendants assume, *arguendo*, that the Complaint would contain largely the same allegations as made in the earlier portions of the FAC and the May 9, 2022 Notice of Claim. See FAC at pg. 18-37. Here, the alleged failure to reinstate Plaintiff does not reasonably grow out of the allegations regarding the denial of her religious accommodation nor are they carried out in the same manner. Therefore, Plaintiff, by failing to file another EEOC charge relating to her claims regarding reinstatement, has failed to exhaust administrative remedies prior to filing suit.

## POINT III

## PLAINTIFF'S SHRL AND CHRL CLAIMS ARE PARTIALLY TIME BARRED

Plaintiff's SHRL and CHRL claims are subject to New York Education Law § 3813 and have a one year statute of limitation for claims against the DOE. See Rubin v. New York City Bd. of Educ, No. 20 Civ. 10208 (LGS) (KHP), 2023 U.S. Dist. LEXIS 2832, at *54 n.14 (S.D.N.Y. Jan. 6, 2023) ("the statute of limitations for state and local claims against the BOE and its officers is also one year") (citing N.Y. Educ. Law § 3813(2-b)); see also Amorosi v. S. Colonie Indep. Cent. Sch. Dist., 9 N.Y.3d 367, 373 (2007) (the one-year limitation prescribed in Education Law § 3813(2-b) should govern discrimination claims against a school district."). Here, Plaintiff initiated her action on May 15, 2023 and, now, only brings claims against the DOE and the City of New York. See Generally FAC; see also Summons + Complaint, dated May 15, 2023, ECF Dkt.

No. 1-2. Thus, all State and City claims which rely upon acts which occurred prior to May 15, 2023, including Plaintiff's February 11, 2022 termination, are barred by the applicable statute of limitations.

## POINT IV

**PLAINTIFF'S SHRL AND CHRL CLAIMS AGAINST DOE ARE PARTIALLY BARRED FOR FAILURE TO TIMELY FILE A NOTICE OF CLAIM**

New York Education Law § 3813(1) requires that a notice of claim be filed "within three months after the accrual of such claim" before any state law claims may be brought against DOE.  Education Law § 3813(1); see also Lewinter v. New York City Dep't of Educ., No. 09 Civ. 0227 (PGG), 2010 U.S. Dist. LEXIS 68493, at *7 (S.D.N.Y. July 9, 2010); Hardy v. New York City Health & Hosps. Corp., 164 F.3d 789, 793 (2d Cir. 1999) ("the general rule [is] that in a federal court, state notice-of-claim statutes apply to state-law claims."). "[N]otice of claim requirements [are] 'construed strictly'" and "'[f]ailure to comply with this requirement ordinarily requires a dismissal for failure to state a cause of action.'"  Dayton v. City of Middletown, 786 F. Supp. 2d 809, 823 (S.D.N.Y. 2011); see also Glascoe v. Solomon, No. 18 Civ. 8284 (AT), 2020 U.S. Dist. LEXIS 46930, at *27 (S.D.N.Y. March 17, 2020) ("Courts are without power to disregard failure to comply with notice of claim requirements, even to avoid a harsh result.") (citing Parochial Bus Systems v. Board of Education, 60 N.Y.2d 539 (N.Y. 1983))

Here, Plaintiff alleges that she filed a Notice of Claim on May 9, 2022. See FAC at ¶ 29. Thus, to the extent that Plaintiff's SHRL and CHRL claims are based upon acts which occurred prior to February 9, 2022, i.e. the denial of her accommodation request and subsequent appeals, as those claims are barred for failure to timely file a notice of claim. See Williams v. N.Y. City Dep't of Educ., No. 19 Civ. 1353 (CM), 2019 U.S. Dist. LEXIS 147789, at *54 (S.D.N.Y.

Aug. 28, 2019) (Plaintiffs' "NYSHRL and NYCHRL claim that rely about discrete adverse employment events that occurred prior to… 90 days before [filing date of notice of claim] are untimely). Furthermore, Plaintiff cannot now rely upon her late notice of claim as "[a] late notice of claim served without leave of the court is a nullity." See Tyk v. Surat, 675 Fed. Appx. 40, 42-3 (2d Cir. 2017) (upholding district court's dismissal of state law claims for failure to either timely file a notice of claim or seek leave of the court to do so) (quoting Chchannikova v. City of New York, 138 A.D.3d 908, 909 (2d Dep't 2016)).

Additionally, Plaintiff has neither alleged the existence of, nor are Defendants independently aware of, any Notice of Claims filed after May 9, 2022 by Plaintiff. Therefore, Plaintiff's state and city claims as they relate to acts after May 9, 2022, including claims alleged to have occurred after the mandate was lifted in February 2023, are likewise barred for failure to file a notice of claim. See FAC at ¶¶32-4;

## POINT V

### THE VACCINE MANDATE IS LAWFUL, CONSTITUTIONAL, AND ENFORCEABLE

**A.    The Vaccine Mandate, and subsequent Re-instatement Process, are both constitutional**

As a general matter, as a government employer, New York City had, and continues to have, a duty to maintain a safe workplace. See N.Y. Labor Law 27-a ("[t]he commission shall… provide reasonable and adequate protection to the lives, safety or health of employees…"). As such, New York City had a compelling – indeed overwhelming – public interest in limiting the spread of COVID-19 in the community at large. The Supreme Court has recognized that stemming the spread of COVID-19 is a compelling public interest. See Roman Catholic Diocese v. Cuomo, 141 S. Ct. 63, 67 (2020). Likewise, in the case of Garland, District Court Judge Kyio A. Matsumoto

held that "[u]ltimately, it is up to local government, not the courts, to balance the competing public health and business interests, and here, the New York City government... ha[s] done so in issuing and enforcing the vaccination requirement for employees..." Garland v. N.Y. City Fire Dep't., 574 F. Supp. 3d 120, 134 (E.D.N.Y. 2021).

Furthermore, the Second Circuit has already found that the particular vaccine mandate being challenged by Plaintiff was lawful, enforceable, and constitutional on its face. See Kane v. De Blasio, 19 F.4th 152, 164 (2d Cir. 2021) ("The Vaccine Mandate, in all its iterations, is neutral and generally applicable")

Turning to the re-instatement process, this too is constitutional. Contrary to Plaintiff's assertion, she does not have a "right to return to work." FAC at ¶ 61. Plaintiff was terminated for failing to comply with a valid term and condition of employment, i.e., vaccination against COVID-19, and not because of her religious beliefs. Garland v. N.Y. City Fire Dep't., 574 F. Supp. 3d 120, 134 (E.D.N.Y. 2021) (Vaccine Mandate continues to be condition of employment) (collecting cases); see also Matter of Clarke v. Bd. of Educ. of the City Sch., 213 A.D.3d 548, 550 (1st Dep't 2023) (DOE requirement to "prove vaccination" was a "condition of employment"). Furthermore, Plaintiff has not offered any support for her argument that she is entitled to reinstatement.

Therefore, to the extent that Plaintiff is alleging that the Vaccine Mandate, and subsequent reinstatement procedure, was generally unlawful, unenforceable, or unconstitutional these arguments fail.

**B.    Plaintiff's Equal Protection Clause Claim Fails**

Plaintiff has failed to state a claim under the Equal Protection Clause of the Fourteenth Amendment. Specifically, Plaintiff argues that the mandate, and subsequent

reinstatement procedure (or lack thereof) violated Plaintiff's rights because: (1) "Defendant DOE failed to apply and enforce its vaccine mandate evenly," (2) Plaintiff's accommodation request "was denied without any explanation," (3) the Citywide Panel process discriminated against "employees who requested religious exemptions," (4) after the mandate was lifted "Defendant DOE did not communicate" with prior terminated employees and adopted a "haphazard process" for reinstatement which "disadvantaged former DOE employees who had requested religious exemption," and (5) by failing to re-hire her in her former school "Plaintiff is being denied the right to return to work." FAC at ¶¶51-60.

To maintain an Equal Protection claim, a plaintiff must "show adverse treatment of individuals compared with other similarly situated individuals and that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." Miner v. Clinton County, 541 F.3d 464, 474 (2d Cir. 2008). In the Second Circuit, courts have held that, in the selective enforcement context, individuals must be similarly situated in all material respects. See Freud v. New York City Dep't of Educ., No. 21 Civ. 2281 (MKV), 2022 U.S. Dist. LEXIS 54353, at *20-21 (S.D.N.Y. Mar. 25, 2022) ("[a] plaintiff must show that he was treated differently compared to others similarly situated as a 'prerequisite' and a 'threshold' matter to a selective treatment claim") (quoting Church of the Am. Knights of the Ku Klux Klan v. Kerik, 356 F.3d 197, 210 (2d Cir. 2004)).

Here, the Complaint alleges no facts regarding those who did, and did not receive accommodations, aside from the conclusory allegation that the Citywide Panel process discriminated against "employees who requested religious exemptions" and that "[s]ome employees received summary explanations" for their denials "while others did not." FAC at ¶¶52-

14

3.  Plaintiff's failure to identify any similarly situated individuals who were otherwise treated better by either having their accommodation approved, or having been reinstated, is fatal to her Equal Protection Clause claims.  See Kane v. De Blasio, 623 F. Supp. 3d 339, 359 (S.D.N.Y. 2022) ("Plaintiffs point to no similarly situated persons who have been treated differently – indeed, they do not point to any DOE employee who has been granted a religious exemption to the Vaccine Mandate and has been permitted to work in person. Since there is no claim of differential treatment, plaintiffs' equal protection claim fails.").

Thus, as Plaintiff's allegations are nothing more than "naked assertions" which "are insufficient to survive the pleading stage," her equal protection claim must be dismissed. Freud v. New York City Dep't of Educ., No. 21 Civ. 2281 (MKV), 2022 U.S. Dist. LEXIS 54353, at *20-21. (S.D.N.Y. Mar. 25, 2022).

## C.    Plaintiff has not Plausibly Plead a First Amendment Claim

Plaintiff has not plausibly plead a Free Exercise Claim under the First Amendment. In order to prevail on a Free Exercise Clause claim, a plaintiff generally must establish that 'the object of [the challenged] law is to infringe upon or restrict practices because of their religious motivation,' or that its 'purpose . . . is the suppression of religion or religious conduct.'"  Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 533 (1993).  "It is not a violation of the Free Exercise Clause to enforce a generally applicable rule, policy or statute that burdens a religious practice as long as the government can 'demonstrate a rational basis for [the] enforcement' of the rule, policy or statute, and the burden is only an incidental effect, rather than the object, of the law." Employment Div. v. Smith, 494 U.S. 872, 879 (1990) ("the right of free exercise does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion

15

prescribes (or proscribes)")(internal quotations omitted).  As such, "[w]here the government seeks to enforce a law that is neutral and of general applicability . . . it need only demonstrate a rational basis for its enforcement."  Fifth Ave. Presbyterian Church v. City of New York, 293 F.3d 570, 574 (2d Cir. 2002); accord, Leebaert v. Harrington, 332 F.3d 134, 143-44 (2d Cir. 2003) (holding that parental claims of free exercise of religion are governed by rational basis test).

        Plaintiff does not argue that either the Vaccine Mandate was not neutral, instead she simply argues that the procedures for reviewing accommodation requests "were inconsistent with the First Amendment's Free Exercise Clause." FAC at ¶ 47. In terms of the vaccine mandate, it is clear that the DOE Order applied equally to all DOE employees in that they all were to provide proof of vaccination, or be excluded from the workplace. See Ex. A; see also Ex. B. Similarly, the accommodation process applied to all DOE employees and did not target a specific religion, or single out religious people. See Id.; see also Brock v. City of New York, 2022 U.S. Dist. LEXIS 17389, at *12 (S.D.N.Y. Jan. 28, 2022) ("the DOHMH order that Plaintiff challenges is facially neutral, does not carve out a category of religious conduct and does not create a category of harsher treatment for religious conduct alone."); C.F. v. NY City Dept. of Health & Mental Hygiene, 191 A.D. 3d 52, 78 (2d Dep't 2020) ("The Board's resolution does not target religion or single out religion; it does not even mention religion. There is absolutely no indication that the resolution was adopted for the purpose of infringing the petitioners' religious practices or suppressing their religious views."). Thus, as to whether it was "rationally related to a legitimate state interest" the "vaccine mandate easily meets this standard." Riley v. N.Y. City Health & Hosps. Corp., No. 22 Civ. 2736 (JGK), 2023 U.S. Dist. LEXIS 27562, at *12 (S.D.N.Y. Feb. 17, 2023) (dismissing free exercise claim brought by a Plaintiff who was terminated pursuant to vaccine mandate).

As Plaintiff does not plausibly allege that the mandate, the accommodation process, or the reinstatement procedure singled out religious individuals, the appropriate standard of review is the rational basis test. It goes without saying that the Vaccine Mandate had a rational basis – preventing hospitalization and even death from the COVID-19 virus. Accordingly, any Free Exercise claim by Plaintiff fails.

### POINT VI

### THE FAC FAILS TO STATE A FAILURE TO ACCOMMODATE CLAIM UNDER ALL STATUTES

To state a claim for failure to accommodate her religious beliefs under Title VII, the SHRL, and CHRL, Plaintiff must set forth factual allegations demonstrating that 1) she holds a bona fide religious belief that conflicts with an employment requirement; 2) she informed DOE of her bona fide religious belief; and 3) she was disciplined for failing to comply with the conflicting employment requirement. Baker v. Home Depot, 445 F.3d 541, 546 (2d Cir. 2006); see also Algarin v. NYC Health + Hosps. Corp., No. 22 Civ. 8340 (JLR), 2023 U.S. Dist. LEXIS 10866, at *28 (S.D.N.Y. June 23, 2023) ("The same Title VII two step framework is used to evaluate a NYCHRL claim").

If a plaintiff establishes a *prima facie* case, the "employer must offer the employee a reasonable accommodation, unless doing so would cause an undue hardship." See Baker at 546 (internal quotations omitted); see also Greenbaum v. N.Y. City Transit Auth., 2022 U.S. App. LEXIS 22589, at *8 (2d Cir. Aug. 15, 2022) ("The NYSHRL and the NYCHRL also do not require an employer to provide an accommodation if it would cause an undue hardship for an employer.). An "undue hardship is defined as [an] 'accommodation requiring significant expense or difficulty' including 'significant interference with the safe or efficient operation of the workplace.'" Algarin

at *27-8; <u>see also</u> <u>Beickert v. N.Y.C. Dep't of Educ.</u>, No. 22 Civ. 5265 (DLI) (VMS), 2023 U.S.

Dist. LEXIS 170719, at *8 (E.D.N.Y. Sept. 25, 2023) ("the Supreme Court clarified… that an

employer suffers an undue hardship when 'the accommodation would result in substantial

increased costs in relation to the conduct of [an employer's] particular business.'") (quoting <u>Groff</u>

<u>v. DeJoy</u>, 143 S. Ct. 2279, 2295 (2023)). Undue hardship is an affirmative defense which may be

asserted "in a pre-answer motion to dismiss when the facts establishing it are clear." <u>Lowman v.</u>

<u>NVI LLV</u>, 821 F. App'x 29, 31 (2d Cir. 2020).

As a preliminary matter, though considering the sincerity of her beliefs is

traditionally not suitable at the pleading stage, Plaintiff allegations are so scant they do not plead

a claim. Specifically, she alleges that she "held a bona fide religious belief" and that her request

"expressed that she had a good faith religious objection to the COVID-19 vaccine." FAC at ¶¶14,

41, 64. Such "[t]hreadbare recitals of the elements… supported by mere conclusory statements"

are insufficient. <u>Greene v. Kabbala Ctr. Int'l, Inc.</u>, 625 F. Supp. 3d 3, 22-3 (E.D.N.Y. 2022).

Regardless of Plaintiff's sincerity, all of these suggested accommodations put forth

by Plaintiff have been determined to constitute an undue hardship by courts in the Second Circuit,

thus requiring dismissal of a failure to accommodate claim on those bases. Like her allegations

regarding her religious beliefs, Plaintiff fails to specify any particular accommodation she sought

beyond that she wished to avoid taking the vaccination. <u>See</u> Generally FAC. However, in her

exemption appeal letter, she does suggest, with particularity, seven[6] proposed accommodations:

"1. Teaching in person; with no restrictions 2. Teaching in person and remotely 3. Non-teaching

education-related duties, office work etc. in the DOE 4. Teaching remotely, Teaching without

---

[6] Although plaintiff actually lists requests numbering "1" through "8", "8" is, seemingly, an
incomplete thought, i.e., "8. as set forth by DOE".

presenting any symptoms (monthly, bi-weekly) 6. Teaching in person with children who have

opted out, and/or adults who feel comfortable and secure with person who is vaccine free 7. Mask

wearing."[7] Ex. G at p. 3.

Teaching, or otherwise, working in person but remaining unvaccinated (#1, 2, 3, 4,

6, and 7) was a undue hardship at the time because "[e]ven if [Plaintiff] took precautions such as

wearing gloves, masks, and a face shield, her presence as an unvaccinated individual would have

presented a risk to the vulnerable and still primarily unvaccinated student population' and other

employees." Beickert v. N.Y.C. Dep't of Educ., No. 22 Civ. 5265 (DLI) (VMS), 2023 U.S. Dist.

LEXIS 170719, at *14-17 (E.D.N.Y. Sept. 25, 2023) (internal quotations omitted); see also Algarin

v. NYC Health + Hosps. Corp., No. 22 Civ. 8340 (JLR), 2023 U.S. Dist. LEXIS 108666, at *28

(S.D.N.Y. June 23, 2023) ("testing accommodation" constituted an undue hardship in part because

"it would significantly interfere with the safe and efficient operation of the workplace."). As DOE

articulated in their email explaining their denial of Plaintiff's accommodation request:

"unvaccinated employees cannot work in a school building without posing a direct threat to health

and safety." Ex. F. When Plaintiff's purported religious concern about getting vaccinated is

juxtaposed with her request that she be permitted to work closely with students and other DOE

employees in an in-person school setting, it is clear that the accommodation(s) she sought imposed

an extraordinarily undue burden on the DOE. As the court noted in Kane v. De Blasio, 623 F.

Supp. 3d 339, 363 (S.D.N.Y. 2022), a Plaintiff's "inability to [her] students safely in person present

more than a de minimis cost." (emphasis in original).

Likewise, an accommodation allowing Plaintiff to teach remotely (# 2 and 4) constituted an undue hardship. See Beickert v. N.Y.C. Dep;t of Educ., No. 22 Civ. 5265 (DLI) (VMS), 2023 U.S. Dist. LEXIS 170719, at *15-7 (E.D.N.Y. Sept. 25, 2023) (dismissing failure to accommodate claim as allowing special education teacher to teach remotely would constitute undue hardship.); see also Kane v. DiBlasio, 623 F. Supp. 3d 339, n.31 (S.D.N.Y. 2022) ("Plaintiffs' argument that they can work remotely as they did when the City's schools were remote fails, because the City and DOE have decided to return to in-person learning."). Allowing Plaintiff to teach remotely would have imposed a "significant burden and undue hardship" because the "particularized educational needs of her special needs students would be neglected" and the "DOE would have been required to hire another person to be present physically in the classroom to supervise these special education students and address any issues that required in-person intervention." Id. at *15-6. Indeed, as a Special Education teacher, Plaintiff's "in-person presence" was "of paramount value and importance to effectively teach and attend to the individualized needs of her special needs students." Beickert at *15 (E.D.N.Y. Sept. 25, 2023).

## POINT VII

### THE FAC FAILS TO STATE A DISCRIMINATION CLAIM UNDER ALL STATUTES

Title VII and the SHRL, a Plaintiff must plausibly allege that "(1) the employer discriminated against [her] (2) because of [her] race, religion, sex, or national origin." Lowman v. NVI LLC, 821 Fed. Appx. 29, 31 (2d Cir. 2020); see also Offor v. Mercy Med. Ctr., 167 F. Supp. 3d 414, 429 (E.D.N.Y. 2016) (SHRL). Even under the more liberal CHRL, Plaintiff is still required to plead facts which "plausibly give rise to an inference of unlawful discrimination." Pagan v. Morrissania Neighborhood Family Health Ctr., 2014 U.S. Dist. LEXIS 14978, at *9 (S.D.N.Y. Jan. 22,

2014). A Plaintiff may raise an inference of discrimination with actions by, or remarks from, her employer which "convey a discriminatory animus," or by showing "preferential treatment given to similarly situated" employees. Brown v. New York City Dep't of Educ., 2021 U.S. Dist. LEXIS 181382, at *18 (S.D.N.Y. Aug. 31, 2021).

Here, the Complaint neither alleges similarly situated individuals who were treated more favorably than Plaintiff, nor has she alleged any direct evidence of discriminatory intent, in regards to either the vaccine mandate itself, nor the procedure surrounding reinstatement. Thus, by having failed to plead any facts giving rise to an inference of discriminatory animus on the basis of religion, Plaintiff's claim for discrimination under all statutes must be dismissed. See Eng v. City of New York, 715 Fed. Appx. 49, 53 (2d Cir. 2017) (affirming dismissal of CHRL and SHRL claims for failing to sufficiently allege the existences of individual similarly situated who were treated more favorably); Sank v. City Univ. of N.Y., No. 10 Civ. 4975 (RWS), 2011 U.S. Dist. LEXIS 125016, at *24 (S.D.N.Y. Oct. 27, 2011) (dismissing gender discrimination claim when the "Complaint contains only conclusory assertions that Plaintiff's gender motivated the challenged relocation decisions and an exposition on the alleged 'history of discrimination against women' at City College with respect to [an] unrelated issue."). Put another way, Plaintiff's claims are but a recantation of the false syllogism of "I am (fill in the protected class of which the plaintiff is a member); something bad happened to me at work; therefore the bad happened because I am (fill in the protected class)." Henek v. CSC Holdings, LLC, 449 F. Supp. 3d 35, 45 (E.D.N.Y. 2020).

### POINT VIII

### THE FAC FAILS TO STATE A RETALIATION CLAIM UNDER ALL STATUTES[8]

---

[8]From the face of the FAC, Plaintiff seems to only bring claims for retaliation under the SHRL and Equal Protection Clause as the word "retaliation" is only referenced under those causes of action. See

To state a retaliation claim under the SHRL, Title VII, or Equal Protection Clause, a plaintiff must plausibly allege that: "(1) he or she was engaged in protected activity; (2) the retaliating party was aware that the plaintiff had engaged in protected activity; (3) an adverse decision or course of action was taken against the plaintiff; and (4) a causal connection exists between the protected activity and the adverse action." McManamon v. Shinseki, No. 11 Civ. 7610 (PAE), 2013 U.S. Dist. LEXIS 96087, at *13 (S.D.N.Y. July 10, 2013); see also Hagan v. City of N.Y., 39 F. Supp. 3d 481, 503 (S.D.N.Y. 2014) (SHRL same as Title VII); Lafontant v. Mid-Hudson Forensic Psychiatric Ctr., No. 18 Civ. 23 (KMK), 2023 U.S. Dist. LEXIS 181654, at *52 (S.D.N.Y. Oct. 10, 2023) (Equal Protection same as Title VII). Similarly, under the CHRL, the alleged retaliatory act "must be reasonably likely to deter a person from engaging in protected activity." See Bermudez v. City of N.Y., 783 F. Supp. 2d 560, 577 (S.D.N.Y. 2011) (internal quotations omitted). To survive dismissal, Plaintiff must plausibly plead a causal connection between a protected activity and a retaliatory act through either a direct connection or an indirect connection through a "sufficiently close period time." Shields v. NYC Health & Hosps. Corp., 489 F.Supp. 3d 155, 165 (S.D.N.Y. 2020) (Title VII); McHenry v. Fox News Network LLC, 510 F. Supp. 3d 51, 67 (S.D.N.Y. 2020) (CHRL and SHRL).

Here, as Plaintiff fails to allege any direct causation connecting an alleged act of protected activity with an alleged bad act, the Plaintiff must rely upon indirect causation to plausibly plead a claim of retaliation. The FAC only alleges three alleged protected acts: (1) her accommodation request in September 2021, (2) her May 9, 2022 notice of claim and (3) her EEOC

FAC at ¶¶61, 67. However, both out of caution, and in recognition of the near identical pleading standards, Defendants analyze retaliation under both Title VII and the CHRL as well.

22

complaint made "in or about March or April 2022." FAC at 14, 30-1.  However, here, Plaintiff

only alleges two retaliatory acts: (1) her termination in February 2022 and (2) the purported failure

to reinstate her in or around May 2023.

       As a preliminary matter, Plaintiff cannot plead a causal connection between her

accommodation request (i.e., as a protected activity) and her termination (the result of the denial

of the accommodation) for purposes of a retaliation claim. See Missick v. City of New York, 707

F. Supp. 3d 336, 356 (E.D.N.Y. 2010) ("Defendants' alleged failure to accommodate…cannot be

bootstrapped into a viable… retaliation claim."). Likewise, as her termination occurred long before

either her alleged Notice of Claim or EEOC charge, this undermines any finding of a plausible

causal connection. See Wang v. Palmisano, 157 F. Supp. 3d 306, 327 (S.D.N.Y. 2016) ("the

requisite causal connection will falter if the employer's complained-of-conduct began before the

employee's corresponding protected activity.").

       To the extent that Plaintiff would try to connect her denial of reinstatement in May

2023 to the two alleged acts of protected activity, the roughly 13 to 19 months separation precludes

a finding that Plaintiff has plead a causal connection. See Sealy v. State Univ. of N.Y., 834 Fed.

Appx. 611, 614 (2d Cir. 2020) ("we have held that adverse employment actions occurring

approximately three months after protected activity are too attenuated to give rise to an inference

of retaliation.") (citing Hollander v. Am. Cyanamid Co., 895 F.2d 80, 85-6 (2d Cir. 1990)).

       Therefore, as Plaintiff has not plead the requisite causal connection between any

protected activity and a purported retaliatory act, her retaliation claims under all statutes must be

dismissed.

## POINT XI

**PLAINTIFF'S CLAIM THAT SHE DID NOT
RECEIVE A REVIEW BY THE CITYWIDE**

## PANEL SHOULD HAVE BEEN BROUGHT AS
## AN ARTICLE 78 SPECIAL PROCEEDING

To the extent that Plaintiff alleges that she was not afforded review by the citywide panel after submission, this claim should have been brought as an Article 78 special proceeding as an Article 78 proceeding is the only vehicle through which to challenge an administrative determination. See Hughey v. Metropolitan Transp. Auth., 159 A.D.3d 596, 596 (1st Dep't 2018); Sindone v. Kelly, 439 F. Supp. 2d 268, 278 (S.D.N.Y. 2006) ("[T]he Second Circuit has gone to considerable lengths to recognize the adequacy of Article 78 procedures as affording adequate safeguards to satisfy federal procedural due process standards."); Purcell v. City of New York, 110 A.D.3d 535, 535 (1st Dep't 2013) ("The instant action . . . is actually a challenge to the Office of the Public Administrator's administrative determination . . . . The appropriate vehicle for such a challenge is an article 78 proceeding . . . ."); Fuca v. City of New York, 15 Misc. 3d 86, 87 (2d Dep't, 2007) ("The proper form and forum" to challenge an administrative determination "is an article 78 proceeding.").

A review of recent New York Appellate Division decisions made in the last six months show that an Article 78 special proceeding is the proper vehicle by which to challenge a Citywide Panel decision or, in this case, the lack thereof. See, e.g., Matter of Marsteller v. City of New York, 217 A.D.3d 543 (1st Dep't June 20, 2023); Matter of Hogue v. Board of Educ. of the City Sch. Dist. of the City of N.Y., 197 N.Y.S. 136 (1st Dep't Oct. 3, 2023); Matter of Lynch v. Board of Educ. of the City Sch. Dist. of the City of N.Y., 2023 N.Y. App. Div. LEXIS 5761 (1st Dep't Nov. 14, 2023); Matter of Lee v. City of New York, 2023 N.Y. App. Div. LEXIS 6032 (1st Dep't Nov. 21, 2023). Indeed, in similar contexts, such as where a teacher has obtained tenure by estoppel, courts in this circuit have held that an Article 78 proceeding is the mechanism which must be utilized. See Martinez v. O'Leary, No. 11 Civ. 1405 (ENV) (JO), 2013 U.S. Dist. LEXIS

94050, *9-10 (E.D.N.Y. June 28, 2013), appeal dismissed 569 F. Appx. 59 (2d Cir. 2014), cert. denied 135 S. Ct. 1001 (2015) ("The Second Circuit has endorsed state court Article 78 review as a sufficient post-deprivation remedy in the context of a deprivation claim based on a change in employment status.") (citing Byrne v. Ceresia, 503 F. Appx. 68, 69 (2d Cir. 2012)); see also Donovan v. Inc. Vill. of Malvern 547 F. Supp. 2d 210 (E.D.N.Y. 2008) (dismissing due process claim where failure to interview plaintiff did not rise to level of constitutional violation and plaintiff could have, but failed to, bring Article 78 which was an adequate post deprivation remedy); Gitten-Bridges v. City of New York, No. 19 Civ. 272 (ER), 2020 U.S. Dist. LEXIS 102882, at *47 (S.D.N.Y. June 11, 2020) ("even if there had been a deprivation of liberty or property, [Plaintiff's] claim still fails because New York would provide her adequate process to remedy her loss via an Article 78 petition.").

Furthermore, Plaintiff cannot know bring an Article 78 claim as the four-month statute of limitations has long since expired. See Jones v. Bay Shore Union Free Sch. Dist., 170 F. Supp. 3d 420, 434 (E.D.N.Y. 2016) ("[t]here is a four-month statute of limitations for Article 78 proceedings.") (citing N.Y. C.P.L.R. § 217). Indeed, Plaintiff should have brought such a claim "within four months after the determination to be reviewed becomes final and binding." N.Y. C.P.L.R. 217(1). Thus, Plaintiff should have brought such a proceeding, in state court[9], within four months of her termination on February 11, 2022, i.e., before June 11, 2022.

---

[9] The New York "Supreme Court has exclusive jurisdiction over Article 78 proceedings." Bowman v. New York State Hous. Cmty. Renewal, No. 18 Civ. 11596 (ER), 2020 U.S. Dist. LEXIS 44138, at *24 (S.D.N.Y. March 11, 2020) (quoting Cartagena v. City of New York, 257 F.Supp. 2d 708, 710 (S.D.N.Y. 2003)).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their

motion to dismiss the amended complaint in its entirety and granting such other and further relief

as this Court deems just and proper.

Dated:        New York, New York
              November 27, 2023

                                          **HON. SYLVIA O. HINDS-RADIX**
                                          Corporation Counsel of the
                                            City of New York
                                          Attorney for Defendants
                                          100 Church Street, Room 2-111
                                          New York, New York 10007-2601
                                          (212) 356-2479
                                          rmacioce@law.nyc.gov


                           By:     /s/
                                          _____
                                             René L. Macioce
                                             Assistant Corporation Counsel