UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOANNE C. THORNE-LONG

                Plaintiff,

-against -
                                          **DECLARATION IN RESPONSE
                                          TO MOTION TO DISMISS**

CITY OF NEW YORK, et al.                23 CV 4305 (DG) (LB)

                Defendants.
-----------------------------------------------------------X

       Plaintiff Joanne Thorne-Long, appearing *pro se*,[1] hereby declares under penalty of perjury:

       1. This Declaration is submitted in opposition to Defendants' Motion to Dismiss the Amended Complaint in this action. I am fully familiar with the facts and circumstances set forth herein.

       2. In May 2023, I filed the original Complaint in this action in New York State Supreme Court, Kings County, Index No. 329/23.

       3. In June 2023, Defendants removed this action from state court to federal court.

       4. In July 2023, Defendants moved to dismiss the Complaint that I had originally filed in state court.

       5. In October 2023, with leave of this Court, I filed an Amended Complaint.

       6. In late November 2023, Defendants' counsel served upon me its Motion to Dismiss the Amended Complaint.

---

[1] This Declaration was prepared with help from the City Bar Justice Center's Federal Pro Se Legal Assistance Project.

7. My responses to Defendants' arguments in their Memorandum of Law in Support of the Motion to Dismiss are as follows:

*Point I – New York City as named party*

The City of New York is a proper defendant because, as alleged in the Amended Complaint, the Citywide Panel failed to make a determination regarding my appeal. The Citywide Panel was charged with reviewing the denials of religious accommodation requests by the New York City Department of Education ("DOE"), and was made up of representatives of the New York City Commission on Human Rights, the Department of Citywide Administrative Services, and the Office of the Corporation Counsel. It was not part of the DOE.

*Point II – Title VII claim*

In light of the fact that I did not receive a Right to Sue letter from the EEOC, I will withdraw my Title VII claim.

*Point III – Claims Under New York State Human Rights Law and New York City Human Rights Law & Statute of Limitations*

The vaccine mandate was discriminatory, as applied to me. The DOE, in denying my request for an accommodation (Exhibit F in support of the Motion to Dismiss), relied on conclusory statements to support its contention that granting an accommodation to me would have created an undue burden. Arbitrator Scheinman, in denying my appeal, provided no explanation for his decision. (Exhibit I in support of the Motion to Dismiss.) The arbitrator simply checked the box "DENIED." Following this, the Citywide Panel failed to issue a decision on my appeal. Because the Citywide Panel has not yet made a determination, the statute of limitations has not started running.

*Point IV – Notice of Claim*

As alleged in my Amended Complaint, on May 9, 2022, I sent a Notice of Claim by certified mail to the DOE, the Comptroller's Office and the Office of the Corporation Counsel. *See* Amended Complaint, Par's 29 and 30. Proof of these mailings can be found in Exhibits A, B, and C attached to the Amended Complaint.

On May 4, 2023, I mailed an additional Notice of Claim to the Comptroller's Office regarding, among other things, the DOE's entry of a Problem Code in my personnel records, which has significantly impacted my ability to secure a teaching position. The May 4, 2023 Notice of Claim is attached as an exhibit to this Declaration. This second Notice of Claim resulted in a 50-h hearing on August 21, 2023. [handwritten annotation: "Late" with arrow pointing to "May 4, 2023"]

Further, the filing of a Notice of Claim is not required in all actions against the City of New York. For example, there is no Notice of Claim requirement when the cause of action is based on a constitutional violation or employment discrimination.

*Points V, VI, and VII – Vaccine Mandate, Failure to Accommodate, and Discrimination Claims*

In *Groff v. De Joy*, 143 S. Ct. 2279 (2023), the Supreme Court held that for an employer to justify its denial of an employee's request for a religious accommodation, it must establish that granting the accommodation would impose more than a *de minimis* cost on its business. The Supreme Court held that employers are required to accommodate the religious practices of their employees unless doing so would impose *an undue hardship* on the employer's business. Undue hardship means that *the burden is substantial* in the overall context of the employer's business. *Groff*, 143 S. Ct. at 2294-2295.

Neither the DOE, in denying my request for an accommodation (Exhibit F in support of the Motion to Dismiss), nor the arbitrator, in denying my appeal (Exhibit I in support of the Motion to Dismiss), relied on sufficient facts to support the DOE's contention that granting an accommodation to me would have created an undue burden.

The DOE's denial letter, dated September 17, 2021, relies on conclusions rather than facts. The denial letter states that "unvaccinated employees cannot work in a school building without posing a threat to health and safety" and "Due to the configuration for the 2021 - 2022 school year, which includes no remote classwork, we cannot offer another worksite as an accommodation, as that would impose an undue hardship (i.e., more than a minimal burden) on the DOE and its operations." Exhibit F in support of Motion to Dismiss.

On September 24, 2021, Arbitrator Martin Scheinman denied my appeal by simply checking the box "DENIED," providing no further explanation for his decision. Exhibit I in support of Motion to Dismiss. Finally, when I appealed to the Citywide Panel, it failed to issue any decision.

Accordingly, Defendants have not sufficiently established that there would have been "undue hardship" on the DOE if my request for an accommodation had been granted.

*Point VIII – Retaliation Claim*

The allegations in the Amended Complaint establish retaliation. The DOE entered a Problem Code in my personnel file and terminated my employment due to "non-compliance with the vaccine mandate." In their Motion to Dismiss, Defendants fail to address my claim that the issuance of a Problem Code has significantly impacted my ability to secure a teaching position.

4

*Point XI (most likely a typo; should be Point IX) – The Citywide Panel claim*

An Article 78 proceeding is one way of challenging the Citywide Panel's failure to make a decision, but it is not the only way. The Citywide Panel has not issued a decision regarding my appeal. The statute of limitations on my claim that the Citywide Panel failed to act did not begin to run on the date I was terminated, as Defendants argue, but has never started to run because there is no decision to challenge.

8. In the event my federal claims are dismissed, I respectfully request that this action be returned to New York State Court, where it was originally filed.

9. For all of the foregoing reasons, it is respectfully requested that Defendants' Motion to Dismiss be denied, together with such other and further relief as the Court deems just and proper.

Dated: Brooklyn NY
       January 10, 2024

Joanne Thorne-Long
Plaintiff *Pro Se*

## NOTICE OF CLAIM

-----------------------------------------------------------------X

Joanne Thorne-Long

            Claimant,

- against -

CITY OF NEW YORK; NEW YORK CITY DEPARTMENT
OF EDUCATION,
            Defendants

-----------------------------------------------------------------X

To: Office of the City Comptroller
Bureau of Law and Adjustment
1 Centre Street, Room 1225
New York, New York 10007

Hon. Sylvia O. Hinds-Radix
Corporation Counsel
New York City Law Department
100 Church Street
New York, New York 10007

New York City Department of Education
52 Chambers Street
New York, N.Y. 10007

**PLEASE TAKE NOTICE** that the Claimant hereby makes claim and demand against the individuals and groups named in the caption above:

1) **The name, post office address, and phone number of Claimant:**

Joanne Thorne-Long

2362 Pacific Street, 2, Brooklyn NY 11233-6749

(404) 246-5772

2) **The nature of the claim:**

This claim seeks recovery for monetary damages for the harm caused to Claimant's reputation, livelihood, and career; additionally for the distress, suffering, mental, emotional, and physical anguish and impairment of Claimant's ability to secure future employment, and impairment of earning power inflicted upon the Claimant due to the negligence, carelessness, recklessness, and misfeasance, malfeasance, and negligent acts practices, and/or omissions of the Defendants. Claimant's rights under the Constitution,

2023 MAY -9 P 4:47 NYC COMPTROLLER BUR. INFORMATION SYSTEMS CENTRAL IMAGING FACILITY RECEIVED

both Federal and State, city and State Human Rights Laws, NYS Administrative Code, as well as employment rights under the Collective Bargaining Agreements between the UFT and the DOE. Claimant now seeks to be made whole.

3) **The time when, the place where, and the manner in which the claim arose**

On or about January 31, 2023 Claimant became aware that his fingerprints were tagged in the New York City Department of Education's 'Problem Code' at the Human Resources' Office of Personnel Investigations, but was never told why. The 'Problem Code' is used for employees who have committed what the New York City Department of Education considers misconduct. Therefore the New York City Department of Education has considered Claimant guilty of some kind of misconduct without giving him a chance to clear his name and have a hearing on the matter, before putting his fingerprints into a Problem code database.

On February 10, 2023, the NYC Department of Education's COVID Mandate was ended by Mayor Eric Adams.

4) **The items of damage or injuries claimed are**:

damages to reputation; emotional distress; impairment of Claimant's ability to secure future employment; impairment of earning power; tortious interference with business relations; malicious prosecution; abuse of process; fraud; and retaliation, defamation, libel and slander.

The items of damage or injuries claimed amount to $2 million dollars

The claim and demand is hereby presented for adjustment and payment.

PLEASE TAKE FURTHER NOTICE that by reason of the foregoing, in default of the City of New York and the listed Defendants to pay the Claimant within the time limited for compliance with this demand by the applicable statutes, Claimant intends to commence an action against the City of New York and the listed Defendants to recover damages with interest and costs.

Dated:                                                                                           Joanne Thorne-Long

Sworn or Affirmed before me on
The day of
04 MAY 2023

Notary Public

MELISSA CRUZ
NOTARY PUBLIC-STATE OF NEW YORK
No 01CR6115265
Qualified in Kings County
My Commission Expires 09-07-2024